698

■ In the Matter of HAROLD F. CULLEN et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and BERNARD HIRSCHHORN et al., Respondents.— In a proceeding under section 330 of the Election Law: (1) to invalidate petition designating Bernard Hirschhorn and others as candidates of the Democratic party in the primary election to be held June 2, 1964 for certain stated party positions in the Seventh Assembly District, Queens County; and (2) for other related relief, the petitioners appeal from a judgment of the Supreme Court, Queens County, entered May 21, 1964 after a nonjury trial, which denied the application and dismissed the proceeding. Judgment modified on the law and the facts by striking out its decretal paragraph denying in toto the petitioners' application to invalidate the designating petition; and by substituting therefor the following two provisions: (1) a provision granting the application to the extent of invalidating the designating petition with respect to all the respondent designees other than Bernard Hirschhorn and Pauline Ciechowski; and (2) a provision denying the application to the extent that it seeks to invalidate the designating petition with respect to the respondent designees Bernard Hirschhorn and Pauline Ciechowski. As so modified, judgment affirmed, without costs. The findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. It is true that the record discloses that there were many irregularities incident to this designating petition and that some of the designees either participated in such irregularities or had knowledge of them. However, the record also clearly establishes that the designees Bernard Hirschhorn and Pauline Ciechowski neither participated in such irregularities nor had any knowledge of them. Hence, as to said designees Hirschhorn and Ciechowski, the application to invalidate the petition should be denied and designating petition sustained as to them (cf. Matter of Lefkowitz v. Cohen, 262 App. Div. 452, affd. 286 N. Y. 499). Christ, Rabin and Hopkins, JJ., concur; Ughetta, Acting P. J. and Hill, J., dissent as to the modification, and vote to reverse the judgment in toto and to grant the application as to all the designees, with the following memorandum: By reason of the gross irregularities employed in obtaining and affixing signatures, we find that the designating petition not only violated the Election Law but that it was saturated with errors and omissions, if not fraud. When a petition is so permeated with irregularities and error there can be no severance; the entire petition must fall (cf. Matter of Burns [Sullivan], 199 Misc. 1005, affd. 278 App. Div. 1023, affd. 303 N. Y. 601).