Per Curiam.

The order of the Appellate Division should be reversed and the disposition at Special Term reinstated.
It is true that in the face of the affirmative finding by both lower courts that the remaining 104 signatures were valid, the fraud and irregularities found by Special Term and affirmed at the Appellate Division with respect to the 116 invalid signatures cannot in this instance support an inference that *830 similar infirmities existed as to other signatures on the petition. Nonetheless Special Term found that because of its magnitude, fraud and irregularity so "permeated” the petition as a whole as to call for its invalidation. We now concur in this conclusion.
It remains then only to observe that the finding of Special Term, also accepted at the Appellate Division, with respect to the candidate’s noninvolvement in the permeating fraud and irregularity is very narrow. It is only that he had no personal knowledge of either. In our view this is insufficient to resuscitate this petition, whatever might be the legal consequence in another case were there a finding that in no way, by action or omission to act, could the candidate be said to be responsible for the fraud and irregularity.
We conclude that in the circumstances of this case the designating petition was properly declared to be invalid (cf. Matter of Aronson v Power, 22 NY2d 759; Matter of Mercorella v Benza, 37 NY2d 792).