■ In the Matter of ROBERT E. FLOWER et al., Appellants, v ANTONIA D'APICE et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents. — In a proceeding to invalidate a petition designating Daniel Sadofsky as a candidate in the Republican Party primary election to be held on September 11, 1984 for the public office of County Legislator, 1st County Legislative District (unexpired term), the appeal is from a judgment of the Supreme Court, Westchester County (Martin, J.), dated August 15, 1984, which, after a hearing, denied the application.

Judgment reversed, on the law and the facts, without costs or disbursements, application granted and the Board of Elections is directed to remove the name of Daniel Sadofsky from the appropriate ballot.

Candidate Sadofsky signed, as subscribing witness, a page of the designating petition on which appeared the signature of one Robert Gruber. However, during the hearing at Special Term, Sadofsky stipulated "that the name of Robert Gruber was not placed upon the petition by Robert Gruber". In addition, Sadofsky testified that he knowingly obtained some signatures which were invalid, and admitted that, in certain instances, he did not ask the putative signatories to identify themselves before obtaining their signatures. Since Sadofsky is a candidate, his fraudulent acts warrant that his name be stricken from the ballot (see *Matter of Cullen v Power,* 14 NY2d 760; *Matter of Layden v Gargiulo,* 77 AD2d 933; *Matter of Giaccio v Cappa,* NYLJ, May 26, 1960, p 15, col 6, affd 10 AD2d 998).

Moreover, we also find that fraud and irregularity so permeated the designating petition as a whole as to call for its invalidation (cf. *Matter of Proskin v May,* 40 NY2d 829). Two persons testified that, although their names appear as signatories to the petition, they had never signed it. In addition, there appeared on the petition the purported signature of a person who was deceased at the time the signature was allegedly obtained, and that of a person whose mother testified he had been in California at the time of the alleged signing. In addition, one of the subscribing witnesses to the designated petition testified at the hearing that she had failed to fully complete the subscribing witness statements for the three pages to which she had attested, and, in effect, that the statements were completed

by someone else at a later date. Finally, another of the subscribing witnesses admittedly failed to ask the signatories to identify themselves as the persons whose names they were signing. Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.