■ In the Matter of JOHN J. MCENENY, Appellant, v RICHARD M. MEYERS et al., Respondents. (And Another Related Proceeding.)—Per Curiam. Appeal from an order of the Supreme Court (Travers, J.), entered October 8, 1991 in Albany County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-106, to declare valid the original canvass of absentee votes cast in the September 12, 1991 primary election for the Democratic Party candidate for the office of Albany County Legislator for the 14th Legislative District.

In the primary election held on September 12, 1991, the race was between petitioner and respondent Richard M. Meyers (hereinafter respondent). On the night of the election, petitioner appeared to be the winner. However, after a recanvass of the votes by respondent Albany County Board of Elections (hereinafter the Board) the next day, the result was a tie. The difference in result was attributable to eight absentee ballots cast in the 4th election district of the 14th ward of the City of Albany. When these ballots were first opened and counted, the result was a 4 to 4 tie between petitioner and respondent. As a result, petitioner received more total votes than did respondent. However, after the recanvass by the Board of these ballots the total was 5 to 3 in favor of respondent. This brought the total number of votes for each candidate to 1,124 to 1,124. Petitioner then commenced this proceeding asking for an order certifying the original canvass of absentee votes (i.e., 4 to 4).* Supreme Court, after considering, *inter alia,* the testimony of the election inspector who initially canvassed the absentee ballots in question as well as the

* Respondent then commenced the second proceeding herein to certify the result of the recanvass of votes.

testimony of one of the pollwatchers observing the initial canvass, upheld the recanvass and directed the Board to certify the result as a tie. This appeal by petitioner ensued.

We affirm. Election Law § 9-208 (1) requires the Board to "make a recanvass of any absentee * * * ballots which were canvassed at polling places on election night". Furthermore, Election Law § 9-208 (2) provides that if the result of the recanvass is different "[s]uch recanvass of votes * * * shall thereupon supersede the returns filed by the inspectors of elections". The recanvass is not discretionary, no objections to the initial count are required before a recanvass is made and by statute it is the recanvass by the Board that prevails.

Here, the absentee ballots themselves have been submitted and clearly show a 5 to 3 vote in favor of respondent. Furthermore, petitioner offered no proof to support his claim that ballots were switched or replaced. Given the election inspector's admitted failure to certify the results *(see,* Election Law § 9-120 [1]) and to tally the votes *(see,* Election Law § 9-116) as well as her other testimony and the pollwatcher's admissions, Supreme Court, which had the opportunity to assess the witnesses' credibility firsthand, was not in error in accepting the recanvass and its conclusions are "sufficiently supported by the record" *(Matter of Rice v Power,* 19 NY2d 474, 485). Unlike the situation in *Matter of Rice v Power, (supra)* the original canvass was not "reliable enough" in the first instance "to stand nevertheless" *(supra,* at 482). This conclusion comports with the statutory language that a recanvass "shall * * * supersede" the original canvass (Election Law § 9-208 [2] as well as the admonitions of the Court of Appeals in *Matter of Rice* concerning paper ballots.

Mahoney, P. J., Casey, Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.