■ In the Matter of SYNDIA BUCHANAN et al., Appellants, v PEDRO G. ESPADA, JR., Respondent. In the Matter of PEDRO G. ESPADA, JR., Respondent, v MADELINE FERNANDEZ et al., Appellants. [646 NYS2d 683] —Judgment of the Supreme Court, Bronx County (John P. Collins, J.), entered August 16, 1996, which confirmed the report of a Special Referee and dismissed an application to invalidate a petition designating respondent Espada as a candidate for public office of State Senator, 32nd Senatorial District, in the Democratic Party Primary Election to be held on September 10, 1996, and which dismissed as academic a cross-petition to validate, unanimously reversed, on the law and the facts, without costs, the application granted, the designating petition invalidated, and the cross-petition to validate denied.

Respondent Pedro Espada, Jr. submitted a five-volume designating petition (volumes 68-72) purported to contain 9,503 signatures. Pursuant to objections filed with the Board of Elections, 5,924 signatures were found to be invalid, leaving 3,579 valid signatures according to the Clerk's Report. The report of the Special Referee designated by Supreme Court reduced this total to 2,545, including the striking of 583 signatures for fraud resulting from the material alteration of the statements of 13 subscribing witnesses. The report incorporates the evidence and findings of the Special Referee appointed by the court in proceedings to invalidate the designating petition of the candidate's son, Pedro G. Espada, whose Assembly District is within the 32nd Senatorial District *(see, Matter of Buchanan v Espada,* 230 AD2d 676 [decided herewith]). Its recommendations with respect to alterations made to the statements of subscribing witnesses in volumes 68 and 72 of the designating petition are specifically adopted. According to this report, "These alterations were comprised not simply of a line drawn through certain writing but rather were of major ink markings evidently designed to totally blot out and make unreadable the underlying information."

As in the matter of his son's designating petition, Supreme Court confirmed the report of the Special Referee and adopted its recommendations. The court noted, "On the issue of permeation with fraud, the Referee presents a serious picture of irregularities, obliterations, strike outs and material alterations." It concluded, however, that the "experienced Referee did not find permeation with fraud and as the trier of fact, the court concurs with his finding." Noting that only 1,000 signatures are required on the designating petition of a Senatorial candidate, the court found that respondent had submitted a sufficient number of valid signatures to have his name placed on the ballot.

The Special Referee's report notes that, like his son, Pedro G. Espada, "Mr. Espada testified with respect to his involvement or lack thereof in the petition gathering process and the binding of the petitions." Like his son, the candidate was present on July 10, 1996 when the volumes of the designating petition were bound, but professed to have "no knowledge of who was in charge, supervising the binding and filing of the petition and had not asked about the petition and was not concerned with the filing of the petitions."

The briefs submitted by the candidates in the respective appeals are virtually identical, advancing the same arguments and citing the same authority. In considering the findings in each case made by the Special Referee and adopted by Supreme Court, we find this candidate's testimony regarding his ignorance of who was directing the compilation of his designating petition to be just as incredible as that given by his son. As in that case, we further hold that a candidate cannot employ deliberate inattention as a device to insulate himself from the fraud and irregularity permeating his designating petition. The bald assertion that no known individual is responsible for the designating petition does not dictate "a finding that in no way, by action or omission, could the candidate be said to be responsible for the fraud and irregularity" *(Matter of Proskin v May,* 40 NY2d 829, 830). Concur—Rubin, J. P., Williams, Tom, Mazzarelli and Andrias, JJ.