■ In the Matter of CARLO CALVI, Appellant, et al., Petitioner, v LIAM McLAUGHLIN, Respondent, et al., Respondents. [694 NYS2d 444] —In a proceeding to invalidate a petition designating the individual respondents as candidates in a primary election to be held on September 14, 1999, for both the Republican and Conservative Party nominations for the public office of Council Member, Fourth Council District, City of Yonkers, the petitioner Carlo Calvi appeals from so much of a judgment of the Supreme Court, Westchester County (Fredman, J.), entered August 13, 1999, as denied his petition to invalidate the respondent Liam J. McLaughlin's designating petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner failed to meet his burden of establishing by clear and convincing evidence that the designating petition of the respondent Liam McLaughlin was permeated with fraud and should be invalidated (*see, Matter of Buchanan v Espada,* 88 NY2d 973, 975; *Matter of Proskin v May,* 40 NY2d 829, 830; *Matter of Thomas v Simon,* 89 AD2d 952, *affd* 57 NY2d 744). O'Brien, J. P., Santucci, Joy, Altman and Friedmann, JJ., concur.

■ In the Matter of MARSHA F. COOPERSMITH, Appellant, v AMY HERSHBERGER et al., Respondents. [694 NYS2d 443] —In a proceeding to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 14, 1999, for the nomination of the Independence Party as its candidate for the public office of Town Council of the Town of Clarkstown, the appeal is from a judgment of the Supreme Court, Rockland County (Murphy, J.), dated August 10, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the appellant's contention, a petition requesting an opportunity to write in the name of a candidate or candidates pursuant to Election Law § 6-164 does not require the pre-existence of a technically deficient designating petition. Mangano, P. J., Thompson, Sullivan, Krausman and Goldstein, JJ., concur.