■ In the Matter of WALTER J. PORR, Appellant, v JAYNE CLANCY et al., Respondents. [694 NYS2d 146] —In a proceeding to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 14, 1999, for the nomination of the Conservative Party as its candidate for the public office of Rockland County Legislator for Legislative District No. 3, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated August 12, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Election Law § 6-164 does not require the pre-existence of a technically deficient designating petition (*see, Matter of Coopersmith v Hershberger*, 264 AD2d 453 [decided herewith]). Mangano, P. J., Thompson, Sullivan, Krausman and Goldstein, JJ., concur.

■ In the Matter of WALTER J. PORR, Appellant, v JAYNE CLANCY et al., Respondents. [693 NYS2d 457] —In a proceeding to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 14, 1999, for the nomination of the Conservative Party as its candidate for the public office(s) of Mayor and Trustee of the Village of West Haverstraw, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated August 12, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Election Law § 6-164 does not require the pre-existence of a technically deficient designating petition (*see, Matter of Coopersmith v Hershberger*, 264 AD2d 453 [decided herewith]). Mangano, P. J., Thompson, Sullivan, Krausman and Goldstein, JJ., concur.