(August 28, 2001)

■ In the Matter of CHARLES RAGUSA et al., Respondents, v SANDRA E. ROPER, Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of BERNARD CATCHER et al., Respondents, v EILEEN N. NADELSON et al., Appellants, et al., Respondent. (Proceeding No. 2.) [729 NYS2d 647] —In two proceedings pursuant to Election Law § 16-102, *inter alia,* (1) to invalidate so much of a petition as designates Sandra E. Roper as a candidate in a primary election to be held on September 11, 2001, for the nomination of the Democratic Party as its candidate for the public office of District Attorney of Kings County, and (2) to invalidate so much of the same petition as designates Eileen N. Nadelson and Peter P. Sweeney as candidates in the primary election to be held on the same day for the nomination of the Democratic Party as its candidates for vacancies in the public office of Judge of the Civil Court of the City of New York, County of Kings, assigned numbers 6 and 7, respectively, the appeal is from a final order of the Supreme Court, Kings County (Douglass, J.), entered August 20, 2001, which, after a hearing, granted the petitions and invalidated the designating petition.

Ordered that the final order is reversed, on the law and the facts, without costs or disbursements, the petitions are denied, the proceedings are dismissed, and the matter is remitted to the Board of Elections of the City of New York to restore the names of Sandra E. Roper, Eileen N. Nadelson, and Peter P. Sweeney to the appropriate ballots.

As a general rule, a candidate's designating petition will be invalidated on the ground that some signatures have been obtained by fraud only if there is a showing that the entire

designating petition is permeated with that fraud (*Matter of Ferraro v McNab,* 60 NY2d 601, 603; *Matter of Proskin v May,* 40 NY2d 829, 830; *Matter of Aronson v Power,* 22 NY2d 759, 760). However, even where the designating petition is not permeated with fraud, when the candidate has participated in or is chargeable with knowledge of the fraud, the designating petition will generally be invalidated (*see, Matter of Flower v D'Apice,* 104 AD2d 578, *affd* 63 NY2d 715; *Matter of Layden v Gargiulo,* 77 AD2d 933, 934; *Matter of MacDougall v Board of Elections,* 133 AD2d 198).

The Supreme Court correctly determined that there were instances of fraud relating to the designating petition in question. However, we find that the totality of such instances does not rise to the level at which it could be said that the designating petition was permeated with fraud (*see, Matter of Calvi v McLaughlin,* 264 AD2d 453; *Matter of Miller v Boyland,* 143 AD2d 237; *Matter of Thomas v Simon,* 89 AD2d 952, *affd* 57 NY2d 744). In addition, we find that the petitioners failed to meet their burden of establishing that the appellant candidates participated in or are chargeable with knowledge of the fraud (*see, Matter of Meeks v Pruitt,* 185 AD2d 961; *Matter of Cullen v Power,* 21 AD2d 698, *affd* 14 NY2d 760; *Matter of Corrente v McNab,* 96 AD2d 915).

The appellants' remaining contentions are without merit. Altman, J. P., H. Miller, Schmidt and Crane, JJ., concur.