In the Matter of JOHN A. McRAE et al., Respondents, v ALLAN W. JENNINGS, JR., Appellant, et al., Respondent. [763 NYS2d 504] —In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Allan W. Jennings, Jr., as a candidate in a primary election to be held on September 9, 2003, for the nomination of the Democratic Party as its candidate for the public office of Member of the City Council, City of New York, for the 28th Council District, the appeal is from a final order of the Supreme Court, Queens County (Taylor, J.), dated August 13, 2003, which, after a hearing, granted the petition and invalidated the designating petition.

Ordered that the final order is reversed, on the law and the facts, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the New York City Board of Elections is directed to restore the name of Allan W. Jennings, Jr., to the appropriate ballot.

A candidate's designating petition will be invalidated on the ground of fraud when the entire designating petition is permeated with fraud (*see Matter of Ferraro v McNab,* 60 NY2d 601, 603 [1983]; *Matter of Proskin v May,* 40 NY2d 829, 830 [1976];

*Matter of Aronson v Power,* 22 NY2d 759, 760 [1968]) or when the candidate has participated in or is chargeable with knowledge of the fraud (*see Matter of Saitta v Rivera,* 264 AD2d 490 [1999]; *Matter of Flower v D'Apice,* 104 AD2d 578 [1984], *affd* 63 NY2d 715 [1984]; *Matter of Layden v Gargiulo,* 77 AD2d 933, 934 [1980]).

The Supreme Court correctly determined that there were some instances of irregularities relating to the designating petition in question. However, the totality of such instances does not rise to the level at which it could be said that the designating petition was permeated with fraud (*see Matter of Calvi v McLaughlin,* 264 AD2d 453 [1999]; *Matter of Miller v Boyland,* 143 AD2d 237 [1988]; *Matter of Thomas v Simon,* 89 AD2d 952 [1982], *affd* 57 NY2d 744 [1982]). In addition, the petitioners failed to meet their burden of establishing that the appellant candidate participated in or was chargeable with knowledge of the fraud (*see Matter of Meeks v Pruitt,* 185 AD2d 961 [1992]; *Matter of Corrente v McNab,* 96 AD2d 915 [1983]; *Matter of Cullen v Power,* 21 AD2d 698 [1964]).

In light of this determination, we do not reach the appellant's remaining contentions. Prudenti, P.J., Feuerstein, McGinity, Schmidt and Adams, JJ., concur.