(August 22, 2003)

■ In the Matter of ALEXANDER D. MCHUGH et al., Respondents, v ANN M. COMELLA, Appellant, and ALBANY COUNTY BOARD OF ELECTIONS, Respondent. [763 NYS2d 698] —Per Curiam. Appeal from a judgment and an amended judgment of the Supreme Court (Keegan, J.), entered August 5, 2003 in Albany County, which granted petitioners' application, in a proceeding pursuant to Election Law § 6-102, to declare invalid the designating petition naming respondent Ann M. Comella as the Republican Party candidate for the office of Member of the Albany County Legislature, 25th Legislative District, in the September 9, 2003 primary election.

A petition designating respondent Ann M. Comella (hereinafter respondent) as the Republican candidate for Member of the Albany County Legislature, 25th Legislative District, was filed with respondent Albany County Board of Elections. The petition consisted of 42 pages and 347 signatures, more than the 109 needed. Respondent personally collected 35 signatures, 10 per page on three pages and five on the fourth page. George Smith collected signatures on three pages, including page 1, all with 10 signatures. In this proceeding, petitioners alleged that certain signatures on page 1 were forgeries. At the Supreme Court hearing, seven people testified that their signatures were forgeries. Four of these purported signatures appeared on page 1 of the petition. Respondent and Smith also testified. At the close of petitioners' proof, Supreme Court denied respondent's motion for judgment pursuant to CPLR 4401 and ultimately invalidated the petition, charging respondent with knowledge of fraud as a result of her having signed the subscribing witness statement on page 1 of the petition which Smith had circulated. Respondent appeals.

"As a general rule, a candidate's designating petition will be invalidated on the ground that some signatures have been obtained by fraud only if there is a showing that the entire designating petition is permeated with that fraud" (*Matter of Ragusa v Roper*, 286 AD2d 516, 516-517 [2001], *lv denied* 96 NY2d 718 [2001] [citations omitted]; *see Matter of Ferraro v*

*McNab*, 60 NY2d 601, 602 [1983]). Where the candidate has participated in the fraud or is chargeable with knowledge of it, the petition will be invalidated even if there is a sufficient number of signatures excluding those procured by fraud (*see Matter of Ragusa v Roper, supra* at 517; *Matter of Leonard v Pradhan*, 286 AD2d 459 [2001], *lv denied* 96 NY2d 718 [2001]). We observe, however, that "the petition process should be construed liberally to avoid penalizing either the valid signatories or the candidate where it is 'specifically found that there was no knowledge of the infirmities (and hence also no participation) on the part of the candidate' " (*Matter of Buchanan v Espada*, 230 AD2d 676, 678 [1996], *affd* 88 NY2d 973 [1996], quoting *Matter of Proskin v May*, 40 NY2d 829, 831 [1976] [Cooke, J., dissenting]).

By signing the subscribing witness statement on page 1, respondent represented that each person who signed the page did so in her presence and identified himself or herself to be the individual who signed. When four of these persons testified that each of their purported signatures was a forgery, it would appear prima facie that respondent had participated in the fraud and, absent a plausible explanation, the petition should be invalidated.

Respondent testified that she received a telephone call from Republican Party headquarters informing her that she had neglected to sign as subscribing witness on one of the pages of her petition. Because respondent was scheduled to attend a meeting at her place of business, a courier brought the page to her. Her meeting had already commenced when her administrative assistant appeared in the doorway to advise that someone had brought a page for her to sign. Respondent further testified that she looked at the acknowledgment and signed it but did not look at the page, thinking that it was one of the pages she had personally circulated. While Supreme Court characterized this as a "dubious excuse, at best," we do not view such characterization as a rejection of respondent's testimony as inherently incredible. The fraud which is alleged is the collection of forged signatures and there is simply no evidence that she personally forged a signature or had knowledge that anyone else had forged a signature. Under the circumstances, we conclude " 'that in no way, by action or omission to act, could the candidate be said to be responsible for the fraud and irregularity' " (*Matter of Buchanan v Espada, supra* at 680, quoting *Matter of Proskin v May, supra* at 830). Consequently, and because the petition is not permeated with fraud, this proceeding should have been dismissed.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur.

Spain, J. (dissenting). Because Supreme Court's determination—that respondent Ann M. Comella (hereinafter respondent) is *chargeable* with knowledge of the fraud contained on page 1 of the designating petition, which she signed as subscribing witness, and that her petition must be invalidated as a result—is amply supported in the record, I respectfully dissent (*see Matter of Leonard v Pradhan*, 286 AD2d 459 [2001], *lv denied* 96 NY2d 718 [2001]; *Matter of Buchanan v Espada*, 230 AD2d 676, 679 [1996], *affd* 88 NY2d 973 [1996]; *Matter of MacDougall v Board of Elections of City of N.Y.*, 133 AD2d 198 [1987]; *Matter of Flower v D'Apice*, 104 AD2d 578 [1984], *affd* 63 NY2d 715 [1984]; *Matter of Layden v Gargiulo*, 77 AD2d 933 [1980]). There is no question that four of the signatures on page 1 are forgeries constituting fraud in the petition (*see Matter of Flower v D'Apice, supra*) and that, crediting her explanation, respondent signed the subscribing witness statement on that page despite the fact that she did not witness any of its signatures. Holding respondent "chargeable" with—or accountable for—the fraud on page 1 is appropriate under the facts of this case and means simply that she "should have known" about the signatures, having subscribed to them (*see Matter of Holtzman v Oliensis*, 91 NY2d 488, 497-498 [1998]; *Congregation Yetev Lev D'Satmar v County of Sullivan*, 59 NY2d 418, 427 [1983]; *see also Matter of Saitta v Rivera*, 264 AD2d 490 [1999]; *cf. Matter of Ragusa v Roper*, 286 AD2d 516, 517 [2001], *lv denied* 96 NY2d 718 [2001]; *Matter of Bynoe v Board of Elections of City of N.Y.*, 164 AD2d 929 [1990], *lv denied* 76 NY2d 705 [1990]; *Matter of Flower v D'Apice, supra*).

Determining that a candidate such as respondent is chargeable with knowledge of fraud requires neither direct proof that she actually knew about the forgeries (i.e., that she "had knowledge that anyone else had forged a signature," as the majority states) nor proof that she directly participated in obtaining them (i.e., that she "personally forged" them), as candidates may be chargeable with knowledge even when they deny knowledge and there is no proof of their direct participation (*see Matter of Saitta v Rivera, supra*; *Matter of Buchanan v Espada, supra* at 682-683). Here, in finding that respondent is chargeable with knowledge of the fraud, she is *not* being held responsible for the actions of others who obtained signatures to her designating petition, such as George Smith (*see Matter of Buchanan v Espada, supra* at 682) but, rather, for her *own* participatory conduct—premised upon subscribing to the forged signatures, even if mistakenly (*see id.* at 678-679;

*Matter of Layden v Gargiulo, supra* at 934; *see e.g. Matter of Haskell v Gargiulo*, 51 NY2d 747, 748 [1980]; *see also Matter of Proskin v May*, 40 NY2d 829, 832 [1976] [Cooke, J., dissenting]; Abrahams, New York Election Law, at 115-116 [1950]; *contra Matter of Johnson v Westall*, 208 Misc 360, 363-364 [1955], *affd* 286 AD2d 966 [1955] [candidates subscribed to valid, not forged, signatures they did not witness]; *cf. Matter of Ragusa v Roper, supra* at 517; *Matter of Lundine v Hirschfeld*, 122 AD2d 977, 979-980 [1986], *affd* 68 NY2d 605 [1986]). Thus, despite her proffer of a "plausible explanation" for doing so, she is nonetheless chargeable with knowledge of the fraud contained on the page that she improperly subscribed.

For these reasons, I would affirm the judgment and amended judgment of Supreme Court.

Ordered that the judgment and amended judgment are reversed, on the law, without costs, and petition dismissed.