■ In the Matter of HARRY B. BRONSON, Respondent, v FRANCINA J. CARTONIA, Appellant, et al., Respondents. [780 NYS2d 835]—

Per Curiam. Appeal from an order of the Supreme Court (Mc-Namara, J.), entered August 6, 2004 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid a designating petition naming respondent Francina J. Cartonia as the Democratic Party candidate for the office of Member of the United States House of Representatives, 28th Congressional District, in the September 14, 2004 primary election.

Respondent Francina J. Cartonia (hereinafter respondent) filed a petition designating her as the Democratic Party candidate for Member of the United States House of Representatives, 28th Congressional District. Her petition contained 116 pages and over 2,500 signatures, well over the 1,250 signatures required (*see* Election Law § 6-136 [2] [g]). Petitioner objected to respondent State Board of Elections, which, after reviewing the petition, found that it contained 1,465 valid signatures. Petitioner then commenced this proceeding making numerous allegations of fraud, including that the signatures of various persons were forged on the petition. After a hearing, Supreme Court found that respondent's designating petition was permeated with fraud and invalidated it. Respondent appeals.

Initially, we reject respondent's assertion that petitioner failed to state the charges against her with sufficient specificity, as required by CPLR 3016 (b). Petitioner's reference in his pleading to the specific allegations contained in the objections he filed with the Board, combined with his summary of those objections in his pleading, "sufficiently apprised respondent . . . of the allegations being made against [her] designating petition" (*Matter of Mazza v Board of Elections of County of Albany*, 196 AD2d 679, 680 [1993]).

Addressing the merits, we find that petitioner failed to meet his burden of proving by clear and convincing evidence that respondent's entire designating petition was permeated by fraud such that it should be invalidated (*see Matter of Kelly v Villa*, 176 AD2d 992, 992 [1991]). Petitioner presented no witnesses at the hearing. His evidence consisted of respondent's designating petition and numerous voter registration cards, submitted for Supreme Court to compare signatures on the designating petition to those on the registration cards. While some of the signatures look different or questionable, not one person testified that he or she did not sign the petition or that his or her signature was forged. We will not disturb Supreme Court's

factual findings that two pages subscribed by Stephen Hicks were duplicates, several signatures on those pages appear to be forged, Hicks' other pages contained some irregularities, and respondent submitted a page that double counted two signatures. Even accepting those facts, there was insufficient proof that fraud permeated the entire petition, especially considering the lack of evidence that respondent participated in or was chargeable with knowledge of fraudulent conduct aside from double counting two signatures out of 2,500 (*see Matter of McHugh v Comella*, 307 AD2d 1069, 1070 [2003], *lv denied* 100 NY2d 509 [2003]; *Matter of Lefkowitz v Cohen*, 262 App Div 452, 456 [1941], *affd* 286 NY 499 [1941]). Accordingly, we reverse and hold that respondent's designating petition is valid.

Carpinello, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, petition dismissed and the designating petition at issue herein naming respondent Francina J. Cartonia as the Democratic Party candidate for the office of Member of the United States House of Representatives, 28th Congressional District is declared valid.