■ In the Matter of BONNIE H. KRAHAM et al., Appellants, v ANN G. RABBITT et al., Respondents. [783 NYS2d 141]—

Per Curiam. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered October 12, 2004 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid a designating petition naming respondent Ann G. Rabbitt as the Republican Party candidate for the office of Member of the New York State Assembly, 97th Assembly District.

In July 2004, respondent Ann G. Rabbitt (hereinafter respondent) filed a petition designating her as the Republican Party candidate for Member of the New York State Assembly, 97th As-

sembly District, with respondent State Board of Elections. Thereafter, petitioner Risa S. Sugarman filed objections and specifications with the Board alleging, inter alia, that respondent's signature in the witness statement had been forged on five pages of the designating petition. Upon the apparent denial of such objections and specifications, petitioner Bonnie H. Kraham, an aggrieved candidate, joined Sugarman in commencing the instant proceeding to invalidate respondent's designating petition, alleging, inter alia, that respondent's designating petition was permeated with fraud. Following a hearing, at which petitioners raised additional allegations of fraud with regard to the conduct of respondent's campaign manager, Genevieve Winstanley, Supreme Court dismissed petitioners' application, finding that petitioners failed to establish by clear and convincing evidence that respondent's designating petition was permeated with fraud or that respondent, her family or Winstanley otherwise participated in fraudulent activity. This appeal by petitioners ensued.

We affirm. The case law makes clear that a designating petition will be invalidated if it is shown that the entire petition is permeated with fraud or that the candidate participated in, or can be charged with knowledge of, fraudulent activity (*see Matter of Bronson v Cartonia,* 10 AD3d 469, 470-471 [2004], *lv denied* 3 NY3d 603 [2004]; *Matter of McHugh v Comella,* 307 AD2d 1069, 1069-1070 [2003], *lv denied* 100 NY2d 509 [2003]; *Matter of Ragusa v Roper,* 286 AD2d 516, 516-517 [2001], *lv denied* 96 NY2d 718 [2001]). Here, respondent testified that she collected the signatures and personally completed the witness statement on each of the challenged pages. In support of their contention that respondent did not execute such witness statements, petitioners submitted various documents bearing respondent's signature for Supreme Court to compare to respondent's signature on the pages in question. Notably, however, petitioners did not call their purported document examiner to testify at the hearing,[1] nor did they call any of the registered voters who signed the pages at issue to testify that respondent had not in fact witnessed their signatures. Inasmuch as Supreme Court had the advantage of hearing the witnesses' testimony and observing their demeanor firsthand (*see Matter of Farrell v Cayuga County Bd. of Elections,* 288 AD2d 844 [2001]; *Matter of McEneny v Meyers,* 176 AD2d 1064, 1065 [1991]), we are not inclined to disturb Supreme Court's finding that the testimony

---

1. The record contains an affidavit from petitioners' document examiner, who averred in a conclusory fashion that respondent's signature had been forged on the disputed pages of the designating petition.

of respondent and her witnesses was entirely credible. Nor can we say, based upon our review of the exemplars of respondent's signature, that Supreme Court erred in concluding that her signature on the disputed witness statements was genuine. That being the case, petitioners simply failed to establish by clear and convincing evidence that respondent's signature was forged on the pages at issue or that her petition otherwise was permeated with fraud.

We reach a similar conclusion with regard to petitioners' claim that the designating petition should be invalidated upon the ground that Winstanley improperly added information to certain witness statements after the subscribing witnesses had signed. Initially, we agree with Supreme Court that this particular issue, which was raised for the first time at the hearing, was not properly before it and, hence, need not detain this Court. In any event, even assuming that a technical violation of Election Law § 6-134 (9) occurred,[2] there simply is no evidence that Winstanley engaged in fraudulent or deceptive conduct. Under such circumstances, we cannot say that Supreme Court erred in concluding that there had been substantial compliance with the Election Law (*see* Election Law § 6-134 [10]; *Matter of Pulver v Allen*, 242 AD2d 398, 398-399 [1997], *lv denied* 90 NY2d 805 [1997]). Moreover, even if we were to invalidate all of the pages challenged by petitioners on this basis, respondent's designating petition, containing 2,222 signatures, still would far exceed the 500 signatures required by statute (*see* Election Law § 6-136 [2] [i]).

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

(October 28, 2004)

---

**2.** Curiously, despite Supreme Court's willingness to travel to Orange County to obtain Winstanley's testimony, petitioners ultimately elected not to call her as a witness, opting to rely instead upon the testimony of Winstanley's husband as to what he understood her procedures to be with regard to reviewing and compiling respondent's petition.