■ In the Matter of RICARDO PEREZ et al., Appellants, v DAVID GALARZA, Respondent, et al., Respondent. [800 NYS2d 574]—

In a proceeding pursuant to Election Law §§ 16-100, 16-102, and 16-116, inter alia, to invalidate a petition designating David Galarza as a candidate in a primary election to be held on September 13, 2005, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 38th Council District, the petitioners appeal from a final order of the Supreme Court, Kings County (Levine, J.), dated August 8, 2005, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

As a general rule, a candidate's designating petition will be invalidated on the ground of fraud only if there is a showing that the entire designating petition is permeated with that fraud

(*see Matter of Ferraro v McNab*, 60 NY2d 601, 603 [1983]; *Matter of Proskin v May*, 40 NY2d 829, 830 [1976]; *Matter of Fonvil v Michel*, 308 AD2d 424, 425 [2003]; *Matter of McRae v Jennings*, 307 AD2d 1012 [2003]; *Matter of Ragusa v Roper*, 286 AD2d 516 [2001]). Even when the designating petition is not permeated with fraud, however, when the candidate has participated in or is chargeable with knowledge of the fraud, the designating petition will generally be invalidated (*see Matter of Saitta v Rivera*, 264 AD2d 490 [1999]; *Matter of Flower v D'Apice*, 104 AD2d 578 [1984], *affd* 63 NY2d 715 [1984]; *Matter of Layden v Gargiulo*, 77 AD2d 933, 934 [1980]).

Here, contrary to the petitioners' contention, they failed to make a prima facie showing that the designating petition was permeated with fraud (*see Matter of Calvi v McLaughlin*, 264 AD2d 453 [1999]; *Matter of Miller v Boyland*, 143 AD2d 237 [1988]; *Matter of Thomas v Simon*, 89 AD2d 952 [1982], *affd* 57 NY2d 744 [1982]). Of the nine witnesses who testified, six testified that the subscribing witness might have been with the candidate when he or she signed the designating petition, and two testified that the subscribing witness was with the candidate when each of them signed. Furthermore, only one witness testified that the subscribing witness was not with the candidate when she signed the designating petition, and the petitioners presented no evidence to establish that the candidate participated in or was chargeable with the knowledge of any fraud with respect to that signature (*see Matter of McRae v Jennings, supra*; *Matter of Meeks v Pruitt*, 185 AD2d 961 [1992]; *Matter of Corrente v McNab*, 96 AD2d 915 [1983]; *Matter of Cullen v Power*, 21 AD2d 698 [1964]). Any irregularity in this single signature does not render the entire petition permeated with fraud (*see Matter of O'Donnell v Ryan*, 19 AD2d 781 [1963], *affd* 13 NY2d 885 [1963]).

In light of our determination, we do not reach the petitioners' remaining contentions. H. Miller, J.P., S. Miller, Ritter and Spolzino, JJ., concur.