■ In the Matter of JOHN G. TESTA et al., Appellants, v THOMAS R. DEVAUL II et al., Respondents, and DOMENIC VOLPE, Respondent. [884 NYS2d 258]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Domenic Volpe as a candidate in a primary election to be held on September 15, 2009, for the nomination of the Democratic and Working Families Parties as their candidate for the public office of Member of the Westchester County Legislature for the 1st Legislative District, the petitioners appeal, as limited by their brief, from so much of a final order of the Supreme Court, Westchester County (Loehr, J.), dated August 7, 2009, as denied those branches of the petition which were to invalidate the designating petitions, to disqualify Domenic Volpe as a candidate, and to strike his name from the ballot.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

The petitioners allege that Domenic Volpe (hereinafter Volpe), the candidate for the nomination of the Democratic and Working Families Parties as their candidate for the public office of Member of the Westchester County Legislature for the 1st Legislative District, obtained signatures for the designating petition of Thomas R. DeVaul II, a member of the Independence Party (hereinafter the DeVaul petition), in order to force an Independence Party primary election between DeVaul and the petitioner John G. Testa. The petitioners further allege that Volpe directed his son, Nicholas Volpe (hereinafter Nicholas), an enrolled member of the Independence Party, to falsely swear as a witness to qualify the signatures that Volpe purportedly obtained for the DeVaul petition, even though Nicholas did not actually witness those signatures. The DeVaul petition was invalidated by the Westchester County Board of Elections (hereinafter the Board). At a hearing before the Supreme Court, DeVaul indicated that he would not challenge the Board's determination and withdrew from the race. There is no allegation of fraud with respect to Volpe's designating petition.

The Supreme Court correctly determined that the petitioners failed to meet their burden of establishing, by clear and convincing evidence, that Volpe participated in, or is chargeable with knowledge of, any fraud with respect to the DeVaul petition (*see Matter of Perez v Galarza*, 21 AD3d 508 [2005]; *Matter of McRae*

*v Jennings*, 307 AD2d 1012 [2003]; *Matter of Ragusa v Roper*, 286 AD2d 516, 517 [2001]). At the hearing, the petitioners presented the testimony of four individuals who signed the DeVaul petition in Volpe's presence. Based on this testimony, it cannot be said that Volpe fraudulently induced the four witnesses to sign the DeVaul petition, as DeVaul's name was clearly printed on the petition and there was no evidence that Volpe made any material misrepresentations of fact. In addition, there was no evidence that Volpe induced his son Nicholas to affix his signature as a subscribing witness to those four signatures (*cf. Matter of Bynoe v Board of Elections of City of N.Y.*, 164 AD2d 929 [1990]), or that Volpe exercised such control over Nicholas as to justify charging him with knowledge of the fraudulent acts allegedly committed by Nicholas. Furthermore, the Supreme Court, which saw and heard the witnesses, found that the petitioners failed to demonstrate by clear and convincing evidence that Nicholas was not present when the subject signatories executed the DeVaul petition. Accordingly, the Supreme Court properly determined that the petitioners failed to meet their burden of demonstrating that the petitions designating Volpe as a candidate should be invalidated, that Volpe should be disqualified as a candidate, or that Volpe's name should be stricken from the ballot.

The petitioners' remaining contentions do not warrant reversal. Mastro, J.P., Leventhal, Belen, Chambers and Lott, JJ., concur.