In a proceeding pursuant to Election Law § 16-102, inter alia, in effect, to invalidate a petition designating James Milano as a candidate in a primary election to be held on September 14, 2010, for the nomination of the Republican Party as its candidate for the public office of Representative in Congress from the 5th Congressional District, the petitioner appeals from a final order of the Supreme Court, Nassau County (Driscoll, J.), dated August 9, 2010, which, inter alia, in effect, dismissed the proceeding.
Ordered that the final order is affirmed, without costs or disbursements.
The petitioner contends, inter alia, that the respondents improperly issued a certificate of authorization to the respondent James Milano, a registered Democrat, permitting him to enter the subject Republican Party primary pursuant to Election Law § 6-120 (3). Specifically, the petitioner contends that the Election Law § 6-120 (3) certificate (also known as a WilsonPakula certificate) was invalid, as the purported Chairman of the Queens County Republican Party, Bart Haggerty, did not receive notice of the meeting at which that certificate was issued. The respondents submitted evidence showing that the respondent Philip Ragusa was elected the Chairman of the Queens County Republican Party at a Queens County Republican Party *648 meeting held on or about October 3, 2009, and that the statewide Republican Party subsequently recognized Ragusa as the Chairman of the Queens County Republican Party. Under these circumstances, in arguing that the Election Law § 6-120 (3) certificate was invalid, the petitioner essentially challenges Ragusa’s authority and position as Chairman of the Queens County Republican Party. As the Supreme Court correctly determined, that challenge was time-barred (see Election Law § 16-102 [2]; Matter of Rumsey v Niebel, 286 AD2d 564 [2001]; Matter of Green v Kapsis, 283 AD2d 496 [2001]; Matter of Essenberg v Reape, 272 AD2d 544 [2000]).
The petitioner also alleges that Milano committed fraud in connection with the collection of signatures for the designating petition. However, contrary to the petitioner’s contention, the allegations in the petition, even if proven, would fail to establish that the entire designating petition was permeated with fraud (see Matter of Perez v Galarza, 21 AD3d 508, 508-509 [2005]; Matter of Fonvil v Michel, 308 AD2d 424, 425 [2003]; Matter of McRae v Jennings, 307 AID2d 1012, 1012-1013 [2003]), or that Milano participated in or is chargeable with knowledge of fraud in procuring signatures for the designating petition (see Matter of Testa v DeVaul, 65 AD3d 651, 652-653 [2009]; Matter of McRae v Jennings, 307 AD2d at 1013).
The petitioner’s remaining contentions are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly, in effect, dismissed the proceeding. Mastro, J.P, Florio, Dickerson, Belen and Roman, JJ., concur.