*659 In related proceedings pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Esteban Duran and Matthew Cowherd as candidates in a primary election to be held on September 14, 2010, for the Democratic Party positions of Male Member of New York State Democratic Committee from the 53rd Assembly District and Delegate to the Second Judicial District Convention from the 53rd Assembly District, respectively, the petitioners appeal from a final order of the Supreme Court, Kings County (Demarest, J.), dated August 13, 2010, which, after a hearing, denied the petitions and dismissed the proceedings.
Ordered that the final order is affirmed, without costs or disbursements.
“ ‘Generally, a candidate’s designating petition will only be invalidated on the ground of fraud if there is a finding that the entire designating petition is permeated with fraud’ ” (Matter of Robinson v Edwards, 54 AD3d 682, 683 [2008], quoting Matter of Drace v Sayegh, 43 AD3d 481, 482 [2007]; see Matter of Ferraro v McNab, 60 NY2d 601, 603 [1983]; Matter of Proskin v May, 40 NY2d 829, 830 [1976]; Matter of Perez v Galarza, 21 AD3d 508 [2005]). “Even when the designating petition is not permeated with fraud, however, when the candidate has participated in or is chargeable with knowledge of the fraud, the designating petition will generally be invalidated” (Matter of Perez v Galarza, 21 AD3d at 509; see Matter of Drace v Sayegh, 43 AD3d at 482; Matter of Saitta v Rivera, 264 AD2d 490 [1999]; Matter of Flower v D'Apice, 104 AD2d 578 [1984], affd 63 NY2d 715 [1984]).
In the instant case, the petitioners failed to meet their burden of establishing by clear and convincing evidence that the totality of the instances of irregularities relating to the subject designating petition rose to the level at which it could be said that the designating petition was permeated with fraud (see Matter of Grumbach v Orange County Bd. of Elections, 43 AD3d 477 [2007]; Matter of Perez v Galarza, 21 AD3d at 509; Matter of Fonvil v Michel, 308 AD2d 424 [2003]; Matter of Calvi v McLaughlin, 264 AD2d 453 [1999]). The Supreme Court credited the testimony of candidates Esteban Duran and Matthew Cowherd regarding their roles in the petition-gathering process, specifically, that they did not participate in or become chargeable with knowledge of any fraud. Since the Supreme Court had the advantage of hearing and seeing the witnesses, the Supreme Court’s assessment of their credibility is entitled to substantial deference (see Matter of Drace v Sayegh, 43 AD3d at 482). Ac-
*660 cordingly, we perceive no reason to disturb the Supreme Court’s determination. Skelos, J.P., Covello, Balkin, Austin and Sgroi, JJ., concur.