██ KIMBERLY CROWNER, Respondent, v THOMAS A. KING, Appellant. [54 NYS3d 267]—

Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered May 26, 2016. The order, among other things, granted in part plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when defendant's vehicle struck an ambulance in which plaintiff was riding while acting in the course of her employment as an emergency medical technician and administering emergency care to a patient. In her complaint, plaintiff alleged that defendant, among other things, negligently failed to pull over or yield the right-of-way to the ambulance, which had its emergency lights and siren activated at the time of the accident. Defendant appeals from an order that, inter alia, granted that part of plaintiff's motion seeking summary judgment on the issues of negligence and proximate cause. Defendant's contention that there is a triable issue of fact whether the ambulance's emergency lights and siren were activated at the time of the accident is raised for the first time on appeal and thus is not preserved for our review (*see generally British Am. Dev. Corp. v Schodack Exit Ten, LLC*, 83 AD3d 1247, 1248 [2011]).

Contrary to defendant's further contention, even assuming, arguendo, that there are triable issues of fact whether the ambulance driver was reckless and whether that recklessness was a proximate cause of the accident, we conclude that they do not preclude plaintiff's entitlement to summary judgment on the issue whether defendant's negligence was a proximate cause of the accident, inasmuch as "[i]t was not plaintiff['s] burden to demonstrate that defendant's negligence was the sole proximate cause" (*Strauss v Billig*, 78 AD3d 415, 415

[2010], *lv dismissed* 16 NY3d 755 [2011]). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.