Matter of Buttenschon v Salatino (2018 NY Slip Op 05988)





Matter of Buttenschon v Salatino


2018 NY Slip Op 05988


Decided on September 7, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


964.1 CAE 18-01576

[*1]IN THE MATTER OF DONALD S. BUTTENSCHON AND MARIANNE BUTTENSCHON, PETITIONERS-RESPONDENTS,
v
CHRISTOPHER J. SALATINO, RESPONDENT-APPELLANT, ET AL., RESPONDENTS. (APPEAL NO. 1.) 






DONALD R. GERACE, UTICA, FOR RESPONDENT-APPELLANT. 
BOUVIER LAW LLP, BUFFALO (JEFFREY T. BOCHIECHIO OF COUNSEL), FOR PETITIONERS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Herkimer County (Charles C. Merrell, J.), dated August 17, 2018 in a proceeding pursuant to Election Law article 16. The order, inter alia, invalidated the Working Families Party designating petition of respondent Christopher J. Salatino. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced these proceedings pursuant to Election Law § 16-102 with separate petitions seeking to invalidate designating petitions pursuant to which Christopher J. Salatino (respondent) sought to be placed on the primary election ballots for the Working Families Party and Democratic Party as a candidate for the office of New York State Assembly, 119th Assembly District. In appeal No. 1, respondent appeals from an order that, inter alia, granted the petition seeking to invalidate the Working Families Party designating petition and, in appeal No. 2, he appeals from an order that, inter alia, granted the petition seeking to invalidate the Democratic Party designating petition.
In appeal No. 1, respondent contends that Supreme Court erred in determining that three signatures on the Working Families Party designating petition were invalid on the ground that the signatories had addresses in the Town of Whitestown and their signatures were witnessed by respondent in his capacity as commissioner of deeds for the City of Utica inasmuch as petitioners failed to submit evidence establishing that those signatures were not made in the City of Utica. That contention is raised for the first time on appeal and is therefore not properly before us (see Matter of Davis v Czarny, 153 AD3d 1556, 1557 [4th Dept 2017]; Crowner v King, 151 AD3d 1858, 1858 [4th Dept 2017]; Cook v Peterson, 137 AD3d 1594, 1599 [4th Dept 2016]).
Contrary to respondent's contention in appeal No. 2, the court properly invalidated his Democratic Party designating petition on the basis of fraud. "As a general rule, a candidate's designating petition will be invalidated on the ground of fraud only if there is a showing that the entire designating petition is permeated with that fraud" (Matter of Perez v Galarza, 21 AD3d 508, 508 [2d Dept 2005], lv denied 5 NY3d 706 [2005]). "Even where the designating petition is not permeated with fraud, however, when the candidate has participated in or is chargeable with knowledge of the fraud, the designating petition will generally be invalidated" (id. at 509). Here, petitioners established that multiple subscribing witnesses, including respondent, attested falsely that they had witnessed certain signatures on the designating petition inasmuch as they had allowed third-parties to sign the petition on behalf of the person named as the signatory on the designating petition (see Matter of Valenti v Bugbee, 88 AD3d 1056, 1058 [3d Dept 2011]), and [*2]that respondent attested to certain signatures although he was not "in the presence of the signatories when [they] signed the [designating] petition" (Matter of McHale v Smolinski, 133 AD2d 520, 520 [4th Dept 1987]; see Election Law § 6-132 [2]; Matter of Tani v Luddy, 32 Misc 2d 53, 55 [Sup Ct, Westchester County 1961]). Thus, the court properly determined that respondent's participation in fraudulent acts warranted invalidating the designating petition for the Democratic Party (see Matter of Flower v D'Apice, 104 AD2d 578, 578 [2d Dept 1984], affd 63 NY2d 715 [1984]).
In the Matter of Donald S. Buttenschon and Marianne Buttenschon, Petitioners-Respondents, v Christopher J. Salatino, Respondent-Appellant, et al., Respondents. (Appeal No. 1.)
In the Matter of Donald S. Buttenschon and Marianne Buttenschon, Petitioners-Respondents, v Christopher J. Salatino, Respondent-Appellant, et al., Respondents. (Appeal No. 2.)
Petitioners having moved, by order to show, to dismiss the appeals taken herein from orders of the Supreme Court entered in the Office of the Clerk of the County of Herkimer on August 23, 2018, on the ground that appellant failed to include and serve necessary parties, and for other relief, now, upon reading and filing the affirmation of Jeffrey T. Bochiechio, Esq., dated September 4, 2018, the proposed order to show cause, the supporting papers therein with proof of service thereof, and the affidavit of Donald R. Gerace, Esq., sworn to September 5, 2018, and due deliberation having been had thereon, it is hereby ordered that the motion is denied. Whalen, P.J., Smith, DeJoseph, Troutman, and Winslow, JJ.
Entered: September 7, 2018
Mark W. Bennett
Clerk of the Court