Matter of Galloway v Holdsworth (2022 NY Slip Op 05823)

Matter of Galloway v Holdsworth

2022 NY Slip Op 05823

Decided on October 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, NEMOYER, AND WINSLOW, JJ.

794.2 CAE 22-01399

[*1]IN THE MATTER OF WARREN K. GALLOWAY, PETITIONER-APPELLANT,
v
CHRISTINA G. HOLDSWORTH, REPUBLICAN COUNTY COMMITTEE OF ERIE COUNTY, KARL SIMMETH, CHAIRMAN, BUFFALO REPUBLICAN COMMITTEE, ANDREW PACE, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDING OFFICER, JAMES LAWSON, INDIVIDUALLY AND IN HIS CAPACITY AS SECRETARY, JEREMY ZELLNER AND RALPH M. MOHR, COMMISSIONERS OF AND CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS, ET AL., RESPONDENTS. 

PENBERTHY LAW GROUP LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PETITIONER-APPELLANT. 
LAW OFFICE OF JOSEPH T. BURNS, PLLC, WILLIAMSVILLE (JOSEPH T. BURNS OF COUNSEL), FOR RESPONDENTS-RESPONDENTS CHRISTINA G. HOLDSWORTH, REPUBLICAN COUNTY COMMITTEE OF ERIE COUNTY, BUFFALO REPUBLICAN COMMITTEE, ANDREW PACE, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDING OFFICER, JAMES LAWSON, INDIVIDUALLY AND IN HIS CAPACITY AS SECRETARY, AND JEREMY ZELLNER AND RALPH M. MOHR, COMMISSIONERS OF AND CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 31, 2022 in a proceeding pursuant to Election Law article 16. The order denied the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: In this proceeding pursuant to Election Law
§ 16-102, petitioner appeals from an order that denied his petition seeking, inter alia, to invalidate a certificate of nomination nominating respondent Christina G. Holdsworth as a Republican Party candidate to fill a vacancy for the public office of City Court Judge for the City of Buffalo. We affirm.
It is undisputed that Holdsworth's nomination was made by the Executive Committee of respondent Buffalo Republican Committee (City Committee). Petitioner contends, however, that the nomination was invalid because only respondent Republican County Committee of Erie County (County Committee) had the authority to make nominations pursuant to Election Law § 6-116. We reject that contention. In pertinent part, section 6-116 provides that "[a] party nomination of a candidate for election to fill a vacancy in an elective office required to be filled at the next general election . . . shall be made . . . by a majority vote of a quorum of the state committee if the vacancy occurs in an office to be filled by all voters of the state, and otherwise by a majority vote of a quorum of the members of a county committee or committees last elected in the political subdivision in which such vacancy is to be filled, or by a majority of such other committee as the rules of the party may provide." Inasmuch as the office of City Court Judge is to be filled by the voters of the City of Buffalo, we conclude that, pursuant to the Election Law, the rules of the County Committee, and the rules of the City Committee, the Executive [*2]Committee of the City Committee had the authority to issue the certificate of nomination at issue herein. We note that "[t]o read the language of [section 6-116] as vesting the power in the particular County Committee to fill any other vacancy [other than a state-level vacancy] would essentially negate the need for a local duly elected committee" (Matter of Rowles v Orsini, 309 AD2d 1307, 1309 [4th Dept 2003] [internal quotation marks omitted]). Our conclusion here is consistent with the Rules of the County Committee, which authorize town and city committees, such as the City Committee, to adopt Rules for their respective organizations. In this case, the Rules of the City Committee vest the authority to make nominations pursuant to section 6-116 with the City Committee's Executive Committee "[w]here the office is to be filled by the electors of the entire City of Buffalo."
Petitioner next contends that, pursuant to the applicable party rules, there was not adequate notice of the meeting at which Holdsworth was nominated. Other than his own allegations in the petition, which are made solely upon information and belief, petitioner's submissions are devoid of evidence that the meeting was not properly noticed. As the objector to Holdsworth's nomination, petitioner bears the burden of proof to establish that the nomination is invalid (see e.g. Matter of Testa v DeVaul, 65 AD3d 651, 652-653 [2d Dept 2009]; Matter of Civilette v Caccamise, 42 AD2d 1026, 1026-1027 [4th Dept 1973]). Petitioner's allegations made upon information and belief are without probative value (see Waddy v Genessee Patrons Coop. Ins. Co., 164 AD3d 1055, 1058 [3d Dept 2018]; see also Matter of Graham v Umane, 254 AD2d 359, 359 [2d Dept 1998]), and are therefore insufficient to meet his burden (see Graham, 254 AD2d at 359).
Entered: October 18, 2022
Ann Dillon Flynn
Clerk of the Court