■ In the Matter of JOAN MacDOUGALL, Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding to invalidate a petition designating Barbara A. Murphy as a candidate in the Republican Party primary election to be held on September 15, 1987, for the party position of Female Member of the Republican State Committee from the 37th Assembly District, Queens County, the appeal is from a judgment of the Supreme Court, Queens County (Le Vine, J.), dated August 7, 1987, which denied the application.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

While, as a general rule, a candidate's designating petition will be invalidated on the ground that some signatures have been obtained by fraud only if there is a showing that the entire designating petition is "permeated with fraud" *(Matter of Ferraro v McNab,* 60 NY2d 601, 603; *see, Matter of Proskin v May,* 40 NY2d 829, 830; *Matter of Aronson v Power,* 22 NY2d 759, 760), when the candidate herself has participated in the fraud, the petition should be invalidated even if there is a sufficient number of valid signatures independent of those fraudulently procured *(see, Matter of Flower v D'Apice,* 104 AD2d 578; *Matter of Layden v Gargiulio,* 77 AD2d 933, 934). In this case, Julie Apollo and Antonia Carlone testified that the person before whom they signed the designating petition was a man who said he was procuring signatures on behalf of his wife. However, the page of the designating petition bearing their signatures lists "Barbara A. Murphy" as the subscribing witness. Under these circumstances, the court should have permitted the petitioner to call as witnesses candidate Murphy and her husband, who were both readily available outside the courtroom to inquire as to their alleged participation in the obtaining of these signatures *(see, Howson v Marlene Blouse Corp.,* 200 Misc 242), or, alternatively, should have allowed the petitioner a brief continuance to secure the attendance of these witnesses by subpoena *(see, Murphy v City of New York,* 273 App Div 492; *cf., Cuevas v Cuevas,* 110 AD2d 873, 877). Accordingly, the matter is remitted to the Supreme Court, Queens County, for further proceedings at which the petitioner shall be permitted to call candidate Murphy and

her husband as witnesses. Bracken, J. P., Niehoff, Rubin, Spatt and Harwood, JJ., concur.