OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner, a Justice of the Remsen Town and Village Courts in Oneida County, was charged by the State Commission on Judicial Conduct with misconduct in connection with his alleged violation of section 6-132 (2) and section 17-122 of the Election Law. According to the charges, on or about July 19, 1991, petitioner had falsely subscribed his own designating petition as witness when, in fact, he had not actually been present when the petition was signed. Significantly, the subscribed statement included a notice that a material false statement would subject the subscriber to the same penalties as if the subscriber had been duly sworn.
 

 During the investigative phase of the proceeding, the Chief Attorney of the State Commission on Judicial Conduct wrote to petitioner by certified mail, return receipt requested, asking him to respond to the charge. The return receipt was received, followed by a letter that was dated September 22, 1992, in which petitioner acknowledged that he had not collected the signatures on the designating petition, admitted that he had subscribed the petitions as witness anyway and, finally, characterized his conduct as "careless” and "grievous error.” By
 
 *170
 
 way of excuse for his conduct, petitioner wrote that he was unable to collect signatures himself because he worked full time and, as a consequence, his wife had obtained some of the signatures by soliciting door-to-door, while others had been obtained at a local hardware store. He also stated that since he had always carried his own petitions, he simply "assumed the candidate signed the petition.”
 

 In a complaint dated November 24, 1992, the State Commission on Judicial Conduct accused petitioner of violating sections 100.1 and 100.2 (a) of the Rules Governing Judicial Conduct (22 NYCRR) and Canons 1 and 2 (A) of the Code of Judicial Conduct. Petitioner’s Election Law § 6-132 (2) and § 17-122 (7) violations were cited as the factual basis for the charge. In response, petitioner filed a verified amended answer in which he invoked his Fifth Amendment right against self-incrimination, noting that the matter had been "turned over to the Oneida County District Attorney.”
 

 A hearing on the charges was conducted before a Referee on June 4, 1993. Several individuals who had signed the designating petitions in question testified that they had added their signatures at the request of petitioner’s wife and that petitioner himself had not been present when they signed. The Town Clerk, Robert Walter, also testified, stating that he had offered to help petitioner in his reelection bid and had taken petitioner’s designating petition to his hardware store in Remsen to gather signatures. According to Walter and at least one of the other individuals who had signed the petition in Walter’s hardware store, petitioner had not been present when the signatures on that petition were obtained. On July 19, 1991, petitioner’s designating petition was filed with the Oneida County Board of Elections and petitioner was sent a letter notifying him of that fact.
 

 Also admitted into evidence at the hearing were copies of petitioner’s designating petition and the letter petitioner had sent to the Commission in response to its inquiry about the charges. Asserting his Fifth Amendment privilege once again, petitioner elected not to testify.
 

 The Referee found that the factual allegations in the Commission’s complaint had been sustained and that petitioner had violated the ethical provisions cited in the Commission’s complaint by falsely subscribing his designating petitions. In response to a motion by the Commission’s counsel, the Commission held that the charge had been sustained and that
 
 *171
 
 petitioner should be removed from judicial office. Petitioner subsequently requested review by this Court.
 

 In this proceeding pursuant to article VI, §22 of the NY Constitution and section 44 of the Judiciary Law, petitioner’s only argument is that the charge was not sustained because the Commission failed to meet its burden of proving that the signature appearing on the subscribing witness line on his designating petition was, in fact, his signature. The argument lacks merit. Petitioner acknowledged that the signature on the petition was his in his September 22, 1992 letter to the Commission’s Chief Attorney. As for petitioner’s subsidiary contention that the Commission did not sufficiently establish that he was the author of that letter, we note that the circumstances under which the letter was received by the Commission — including the fact that it was obviously written in response to a letter that had been sent to petitioner’s address — provide persuasive proof that the letter was, in fact, authored and signed by petitioner.
 

 Having determined that there was ample factual evidence to sustain the charge against petitioner, we also note our agreement that removal is the proper sanction. By subscribing as witness to signatures that had been added to his designating petition outside his presence, petitioner was guilty of false swearing. Despite the implausible denial in petitioner’s September 22, 1992 letter, there can be no doubt that he was aware of the nature of the conduct at the time he signed, since the document itself gave fair and clear warning that the witness’s statement was "the equivalent of an affidavit” and that false statements would subject the signatory to the same penalties that would be imposed if the statement had actually been sworn.
 

 Such deliberately deceptive conduct is "antithetical to the role of a Judge who is sworn to uphold the law and seek the truth”
 
 (Matter of Myers,
 
 67 NY2d 550, 554). A judicial officer who has so little regard for both this State’s election laws and the obligations of a witness who signs "the equivalent of an affidavit” is not a fit person to administer oaths and cannot be trusted to faithfully uphold the laws.
 

 Petitioner’s actions were thoroughly inconsistent with the obligation to "observe * * * high standards of conduct” (Rules of Judicial Conduct [22 NYCRR] § 100.1;
 
 see,
 
 Code of Judicial Conduct Canon 1). They were also contrary to the fundamental injunction that "[a] judge shall respect and comply with
 

 
 *172
 
 the law and shall conduct himself or herself at all times in a manner that promotes public confidence in the integrity * * * of the judiciary” (Rules of Judicial Conduct [22 NYCRR] § 100.2 [a];
 
 see,
 
 Code of Judicial Conduct Canon 2 [A]).
 

 Accordingly, the determined sanction of removal should be accepted, without costs, and petitioner removed from the office of Justice of the Remsen Town and Village Courts.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur in Per Curiam opinion; Judge Ciparick taking no part.
 

 Determined sanction accepted, etc.