■ In the Matter of REGINA C. MORINI, Appellant, v ANTHONY G. SCANNAPIECO et al., Respondents. [730 NYS2d 440] —In a proceeding pursuant to Election Law § 16-102 to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 11, 2001, for the nomination of the Independence Party as its candidate for the public office of Putnam County Legislator for the 9th Legislative District, the petitioner appeals from a final order of the Supreme Court, Putnam County (Murphy, J.), dated August 15, 2001, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

A hearing court's assessment of the credibility of witnesses

is entitled to substantial deference, as it had the advantage of hearing and seeing the witnesses (*see, McGuirk v Mugs Pub*, 250 AD2d 824; *Islamic Ctr. v Islamic Science Found.*, 262 AD2d 362). The hearing court's determination that the signatures obtained for the opportunity to ballot petition were properly notarized was largely based upon the credibility of witnesses, and we perceive no reason to disturb its determination on appeal.

The Supreme Court providently exercised its discretion in denying the petitioner's application to amend her petition during the course of the hearing (*see, Lane v Beard*, 265 AD2d 382). O'Brien, J. P., Altman, Friedmann, Florio and McGinity, JJ., concur.