■ In the Matter of PENNY LEONARD, Appellant, v VIJAYEN-DRANATH P. PRADHAN et al., Respondents. [729 NYS2d 523] —In a proceeding pursuant to Election Law § 16-102, *inter alia*, to invalidate a petition designating Vijayendranath P. Pradhan as a candidate in a primary election to be held on September 11, 2001, for the nomination of the Democratic Party as its candidate for the public office of Supervisor for the Town of Clarkstown, the petitioner appeals from a final order of the Supreme Court, Rockland County (O'Rourke, J.), dated August 9, 2001, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is granted, the designating petition is invalidated, and the matter is remitted to the Rock-land County Board of Elections to remove the name of Vijayen-dranath P. Pradhan from the appropriate ballot.

As a general rule, where it is shown by clear and convincing evidence, "a candidate's designating petition will be invalidated on the ground that some signatures have been obtained by fraud only if there is a showing that the entire designating petition is 'permeated with fraud' " (*Matter of MacDougall v Board of Elections,* 133 AD2d 198, quoting *Matter of Ferraro v McNab,* 60 NY2d 601, 603). Where, as here, the candidate himself, as a subscribing witness, has participated in the fraud, the petition should be invalidated even if there is a sufficient number of valid signatures independent of those fraudulently procured (*see, Matter of MacDougall v Board of Elections, supra,* at 198). Santucci, J. P., Krausman, Goldstein and Cozier, JJ., concur.