(August 24, 2007)

■ In the Matter of IRMA DRACE et al., Respondents, v NADER SAYEGH, Appellant, and WESTCHESTER COUNTY BOARD OF ELECTIONS et al., Respondents. [844 NYS2d 314]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Nader Sayegh as a candidate in a primary election to be held on September 18, 2007 for the nomination of the Independence Party as its candidate for the

public office of Mayor of the City of Yonkers, the appeal is from a final order of the Supreme Court, Westchester County (Smith, J.), dated August 15, 2007, which, after a hearing, granted the petition, invalidated the designating petition, and directed the Westchester County Board of Elections to remove Nader Sayegh's name from the ballot.

Ordered that the final order is affirmed, without costs or disbursements.

Generally, a candidate's designating petition will only be invalidated on the ground of fraud if there is a finding that the entire designating petition is permeated with fraud (*see Matter of Ferraro v McNab*, 60 NY2d 601, 603 [1983]; *Matter of Fonvil v Michel*, 308 AD2d 424, 425 [2003]; *Matter of Ragusa v Roper*, 286 AD2d 516, 516-517 [2001]). However, a designating petition may also be invalidated when there is a finding that the candidate has participated in or is chargeable with knowledge of fraud in procuring signatures for a designating petition, even if there is a sufficient number of valid signatures independent of those fraudulently procured (*see Matter of Leonard v Pradhan*, 286 AD2d 459 [2001]; *Matter of MacDougall v Board of Elections of City of N.Y.*, 133 AD2d 198, 199 [1987]).

Here, contrary to the appellant Nader Sayegh's contention, the petitioners made a prima facie showing that he participated in fraudulently procuring signatures for his designating petition. The Supreme Court credited the testimony of two witnesses whose signatures appeared on the designating petition over the appellant's contradictory testimony as to the circumstances of their signing. A hearing court's assessment of credibility is entitled to substantial deference as it had the advantage of hearing and seeing the witnesses (*see Matter of Morini v Scannapieco*, 286 AD2d 459, 460 [2001]). We perceive no reason to disturb the Supreme Court's determination on appeal.

The appellant's remaining contentions are without merit. Crane, J.P., Krausman, Goldstein, Florio and McCarthy, JJ., concur.