■ In the Matter of MARLENE J. TAPPER, Appellant, v JAMES J. SAMPEL et al., Respondents, and MICHAEL G. DEN DEKKER, Respondent. In the Matter of MICHAEL G. DEN DEKKER, Respondent, v MARLENE J. TAPPER, Appellant, et al., Respondents. [862 NYS2d 610]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Marlene J. Tapper as a candidate in a primary election to be held on September 9, 2008, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly, 34th Assembly District, and a related proceeding, among other things, to invalidate that designating petition, Marlene J. Tapper appeals from (1) a final order of the Supreme Court, Queens County (Golia, J.), dated August 14, 2008, which, after a hearing, denied the petition to validate the designating petition, and, in effect, dismissed that proceeding, and (2) a final order of the same court, also dated August 14, 2008, which, after the hearing, granted the petition to invalidate the designating petition, and invalidated the designating petition.

Ordered that the final orders are affirmed, without costs or disbursements.

"Generally, a candidate's designating petition will only be invalidated on the ground of fraud if there is a finding that the entire designating petition is permeated with fraud" (*Matter of Drace v Sayegh,* 43 AD3d 481, 482 [2007], citing *Matter of Ferraro v McNab,* 60 NY2d 601, 603 [1983]). "Where, as here, the candidate [her]self, as a subscribing witness, has participated in the fraud, the petition should be invalidated even if there is a sufficient number of valid signatures independent of those fraudulently procured" (*Matter of Leonard v Pradhan,* 286 AD2d 459 [2001]; *see Matter of Drace v Sayegh,* 43 AD3d at 482).

A witness at the hearing testified that she was directed by the appellant to fill in the number of signatures on a petition sheet that she did not witness (*cf. Matter of Magelaner v Park,* 32 AD3d 487, 488 [2006]; *Matter of Fromson v Lefever,* 112 AD2d 1064, 1066-1067 [1985]). Moreover, there was testimony at the hearing that the appellant did not personally witness and identify all of the signatures to which she attested as a subscribing witness under Election Law § 6-132 (2) (*see Matter of Haskell v Gargiulo,* 51 NY2d 747, 748 [1980]; *Matter of Flower v D'Apice,* 104 AD2d 578 [1984]; *Matter of Layden v Gargiulo,* 77 AD2d 933, 934 [1980]; *accord Matter of Heburn,* 84 NY2d 168 [1994]). Furthermore, the appellant conceded at the hearing that she intentionally submitted to the Board of Elections in the City of New York (hereinafter the Board of Elections) sheets of her designating petition that contained witness statements which failed to comply with the requirement of Election Law § 6-132 that the witness attest to the number of signatures contained on each petition sheet. The appellant testified that "some [of the petition sheets] might have slipped through" and "I might have gotten lucky" because the Board of Elections might not have detected the impropriety.

Accordingly, in light of the appellant's actions as a candidate, as well as other irregularities brought to light during the hearing, the Supreme Court properly invalidated the appellant's designating petition (*see Matter of Drace v Sayegh,* 43 AD3d at 482; *Matter of Flower v D'Apice,* 104 AD2d 578 [1984]). Rivera, J.P., McCarthy, Dickerson, Leventhal and Belen, JJ., concur.