■ In the Matter of DONALD KING CIRILLO et al., Petitioners, and THERESA K. QUIGLEY et al., Respondents, v BILL GARDINER, Appellant, et al., Respondent. [884 NYS2d 260]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Bill Gardiner as a candidate in a primary election to be held on September 15, 2009, for the nomination of the Republican Party as its candidate for the public office of Member of the Town Council of the Town of East Hampton, Bill Gardiner appeals from a final order of the Supreme Court, Suffolk County (Weber, J.), dated August 14, 2009, which, after a hearing, granted the petition, invalidated the designating petition, and directed the Suffolk County Board of Elections not to place his name on the ballot.

Ordered that the final order is affirmed, without costs or disbursements.

A designating petition may be invalidated where "there is a finding that the candidate has participated in or is chargeable with knowledge of fraud in procuring signatures for a designating petition, even if there is a sufficient number of valid signatures independent of those fraudulently procured" (*Matter of Drace v Sayegh*, 43 AD3d 481, 482 [2007]; *see Matter of Leonard v Pradhan*, 286 AD2d 459 [2001]; *Matter of Mac-Dougall v Board of Elections of City of N.Y.*, 133 AD2d 198 [1987]).

Here, the testimony at the hearing revealed that a subscribing witness did not personally witness and identify all of the signatures to which he attested (*see* Election Law § 6-132 [2]; *Matter of Tapper v Sampel*, 54 AD3d 435 [2008]). Moreover, the record supports the Supreme Court's determination that the candidate had knowledge of the fraudulent manner in which the signatures were procured, and that he approved of such methods. Accordingly, the Supreme Court properly granted the petition, invalidated the designating petition, and directed the Suffolk County Board of Elections not to place the candidate's name on the ballot (*see Matter of Ryan v Suffolk County Bd. of Elections*, 286 AD2d 461, 462 [2001]; *Matter of Layden v Gargiulo*, 77 AD2d 933, 934 [1980]).

The candidate's remaining contentions are without merit or need not be reached in light of our determination. Fisher, J.P., Santucci, Eng, Hall and Roman, JJ., concur.