In the Matter of RONALD J.P. VOLINO et al., Appellants, v CARLO J. CALVI, Respondent, et al., Respondent. [928 NYS2d 470]—

As a general rule, a candidate's designating petition will be invalidated on the ground of fraud only if there is a showing that the entire designating petition is permeated with fraud (*see Matter of Ferraro v McNab*, 60 NY2d 601 [1983]; *Matter of Harris v Duran*, 76 AD3d 658, 659 [2010]; *Matter of Drace v Sayegh*, 43 AD3d 481 [2007]; *Matter of Ragusa v Roper*, 286 AD2d 516, 516-517 [2001]). Even when the designating petition is not permeated with fraud, the petition generally will be invalidated where the candidate has participated in or is chargeable with knowledge of the fraud (*see Matter of Drace v Sayegh*, 43 AD3d at 482; *Matter of Leonard v Pradhan*, 286 AD2d 459 [2001]; *Matter of MacDougall v Board of Elections of City of N.Y.*, 133 AD2d 198, 199 [1987]).

Here, the petitioners did not sustain their burden of establishing, prima facie, that the signatures on the designating petition of Carlo J. Calvi were permeated with fraud or that Calvi participated in or is chargeable with knowledge of such fraud. Accordingly, there is no reason to disturb the Supreme Court's determination denying the petition to invalidate the designating petition and dismissing the proceeding. Mastro, J.P., Leventhal, Chambers, Roman and Miller, JJ., concur.