(October 17, 2013)

■ In the Matter of ABRAHAM C. HAYGOOD et al., Respondents, v ANDREW HARDWICK, Appellant, et al., Respondent. [973 NYS2d 711]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate an independent nominating petition nominating Andrew Hardwick as the candidate of the We Count Party for the public office of County Executive, Nassau County, in the general election to be held on November 5, 2013, Andrew Hardwick appeals from a final order of the Supreme Court, Nassau County (Winslow, J.), entered October 11, 2013, which denied his motion to dismiss the petition to invalidate pursuant to CPLR 3016 (b) and, after a hearing, granted the petition to invalidate and invalidated his independent nominating petition.

Ordered that the final order is affirmed, without costs or disbursements.

The petitioners commenced this proceeding to invalidate alleging, inter alia, that certain signatures on the independent nominating petition of Andrew Hardwick (hereinafter the candidate) were invalid because they had been forged or were otherwise fraudulent. The candidate moved pursuant to CPLR 3016 (b) to dismiss the petition to invalidate, contending that the allegations of fraud and forgery set forth in the petition to

invalidate were not sufficiently specific. Contrary to the candidate's contention, the petition to invalidate incorporated by reference specific objections filed by the petitioners with the Nassau County Board of Elections (hereinafter the Board of Elections) prior to the commencement of this proceeding (*see* Election Law §§ 1-106 [1]; 6-154 [2]; *Matter of Bush v Salerno*, 51 NY2d 95, 99 [1980]). Thus, the candidate received adequate notice of the allegations supporting the claims that certain signatures had been forged or were otherwise fraudulent (*see Matter of La Marca v Quirk*, 110 AD3d 808 [2d Dept 2013]; *Matter of Mazza v Board of Elections of County of Albany*, 196 AD2d 679 [1993]; *Matter of Oberle v Caracappa*, 133 AD2d 202, 203 [1987]; *Matter of Cohen v Moss*, 97 AD2d 644 [1983]). Accordingly, the Supreme Court properly denied the candidate's motion to dismiss the petition.

Upon denying the candidate's motion, and after a hearing, the Supreme Court properly granted the petition to invalidate the independent nominating petition. A candidate's designating petition or independent nominating petition "will be invalidated on the ground of fraud if there is a showing that the entire petition is permeated with fraud" (*Matter of Felder v Storobin*, 100 AD3d 11, 15 [2012]; *see Matter of Lavine v Imbroto*, 98 AD3d 620, 620 [2012]; *Matter of Valenti v Bugbee*, 88 AD3d 1056, 1057 [2011]). "Absent permeation with fraud, a designating [or independent nominating] petition may be invalidated where the candidate has participated in or is chargeable with knowledge of the fraud" (*Matter of Felder v Storobin*, 100 AD3d at 15-16; *see Matter of Lavine v Imbroto*, 98 AD3d at 620; *Matter of Valenti v Bugbee*, 88 AD3d at 1057). Here, the facts adduced at the hearing warranted the Supreme Court's determination that the candidate, who "was inextricably intertwined in the petitioning process," was chargeable with knowledge of the fraudulent manner in which certain signatures were procured (*Matter of Villafane v Caban*, 104 AD2d 579, 580 [1984]; *see Matter of Cirillo v Gardiner*, 65 AD3d 638, 639 [2009]; *Matter of Buchanan v Espada*, 230 AD2d 676, 678-679 [1996]; *Matter of MacDougall v Board of Elections of City of N.Y.*, 133 AD2d 198 [1987]; *Matter of Adams v Klapper*, 182 Misc 2d 51, 53 [1999], *affd* 264 AD2d 696 [1999]).

Evidence adduced before the Supreme Court established that at least one subscribing witness, Jonathan Clark, was paid for collecting signatures before he was registered to vote in the State. Although this evidence was not expressly addressed in the final order, it was presented and argued to the Supreme Court and this Court, and permits the inference that Clark col-

lected and witnessed signatures prior to registering to vote, in violation of Election Law § 6-140 (1) (b). Additionally, the dates on pages containing signatures witnessed by Clark were altered so as to falsely indicate that he witnessed numerous signatures on dates after he was registered to vote. The candidate testified that he was not aware that Clark, in his capacity as a campaign worker, did anything other than collect signatures. Subscribing witness Priscilla Collins was paid a full week's salary for the collection of signatures on the date she first registered to vote, and testified that she, like Clark, collected and witnessed signatures prior to being registered to vote. Moreover, the dates inscribed next to several signatures witnessed by Collins also appear to have been altered to post-date the subscribing witness's eligibility to collect signatures. Crucially, the candidate conceded that he reviewed the pages containing signatures witnessed by Collins, and noticed incorrect dates, but nonetheless filed those pages with the Board of Elections. The petitioners also presented the testimony of seven signatories, who testified that signatures purportedly obtained from them by two subscribing witnesses, Susan Forenza and Keith Rigby, were not their signatures. The evidence shows that the candidate, among other things, personally supervised the campaign workers' payments and assignments, verified their voter registration status, conducted meetings to educate them about the petitioning process, and received and reviewed pages with the signatures they had collected. Moreover, in light of the evidence of irregularities and fraudulent practices as to signatures on the pages attested to by Clark and Rigby, the petitioners were entitled to an inference that Clark and Rigby, who were presumed to be under the candidate's control and failed to appear at the hearing, would have testified adversely to the candidate's position (*see Matter of Haas v Costigan*, 14 AD2d 809, 810-811 [1961]; *Matter of Adams v Klapper*, 182 Misc 2d at 52-53).

Although a subscribing witness testified that he was paid to collect signatures on a per-signature basis, in violation of Election Law § 17-122 (4), we conclude that, even without this evidence, the petition to invalidate the independent nominating petition was properly granted, since the candidate was chargeable with knowledge of the forgeries and the otherwise fraudulent manner in which several signatures were procured, and he approved of such methods (*see Matter of Cirillo v Gardiner*, 65 AD3d at 639).

The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in

light of our determination. Dickerson, J.P., Leventhal, Chambers and Hall, JJ., concur.