■ In the Matter of JOANNE M. LONG MERRILL, Respondent, v JOSEPH L. FRITZ, Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of JOSEPH L. FRITZ, Appellant, v JOANNE M. LONG MERRILL, Respondent, et al., Respondents. (Proceeding No. 2.) [991 NYS2d 323]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Joseph L. Fritz as a candidate in a primary election to be held on September 9, 2014, for the nomination of the Democratic Party as its candidate for the public office of State Senator for the 3rd Senatorial District, and a related proceeding, inter alia, to validate that designating petition, Joseph L. Fritz appeals from a final order of the Supreme Court, Suffolk County (Leo, J.), dated August 15, 2014, which, after a hearing, in effect, granted the petition, inter alia, to invalidate the designating petition, denied the petition, inter alia, to validate the designating petition, dismissed that proceeding, and directed the Suffolk County Board of Elections to refrain from placing the name of Joseph L. Fritz on the ballot.

Ordered that the final order is affirmed, without costs or disbursements.

The Supreme Court properly invalidated the appellant's designating petition. "An alteration or correction of information appearing on a signature line, *other than the signature itself and the date,* shall not invalidate such signature" (Election Law § 6-134 [6] [emphasis added]). While the provisions of the Election Law are to be "liberally construed, not inconsistent with substantial compliance thereto and the prevention of fraud" (Election Law § 6-134 [10]), here, the Supreme Court properly found that the numerous instances of unexplained and uninitialed alterations to the dates on numerous signature lines, many of which were contained on petition sheets for which the appellant himself was the subscribing witness, required the invalidation of the designating petition (*see Matter of McGuire v Gamache,* 5 NY3d 444, 448 [2005]; *Matter of Jonas v Velez,* 65 NY2d 954, 955 [1985]). While the appellant testified at the hearing, he did not provide an adequate explanation for the uninitialed changes, and we decline to disturb the Supreme Court's finding that his testimony was "unreliable, not tenable, and not worthy of belief" (*see Matter of Kraham v Rabbitt,* 11 AD3d 808 [2004]; *cf. Matter of Henry v Trotto,* 54 AD3d 424 [2008]).

The appellant's remaining contentions are without merit. Rivera, J.P., Leventhal, Hall, Roman and Hinds-Radix, JJ., concur.