In the Matter of JOSEPH N. SGAMMATO et al., Appellants-Respondents, v JOHN PERILLO et al., Respondents-Appellants, et al., Respondents. (Proceeding No. 1.) In the Matter of JOHN PERILLO et al., Respondents-Appellants, v DANA LEVENBERG et al., Appellants-Respondents, et al., Respondents. (Proceeding No. 2.) [15 NYS3d 440]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating John Perillo, Michael R. Milner, and Aaron Spring as candidates in a primary election to be held on September 10, 2015, for the nomination of the Republican Party as its candidates for the public offices of Supervisor, Member of the Town Council, and Member of the Town Council, respectively, of the Town of Ossining, and a related proceeding, among other things, to validate that designating petition, Joseph N. Sgammato, Dana Levenberg, Karen M. D'Attore, and Elizabeth R. Feldman appeal, as limited by their brief, from so much of a final order of the Supreme Court, Westchester County (Adler, J.), dated August 7, 2015, as denied those branches of the petition which were to invalidate so much of the petition as designated John Perillo and Michael R. Milner as candidates, and John Perillo, Michael R. Milner, and Aaron Spring cross-appeal, as limited by their brief, from so much of the same final order as granted that branch of the petition which was to invalidate so much of the petition as designated Aaron Spring as a candidate.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petition which was to invalidate so much of the petition as designated John Perillo and Michael R. Milner as candidates in the primary election to be held on September 10, 2015, for the nomination of the Republican Party as its candidates for the public offices of Supervisor and Member of the Town Council, respectively, of the Town of Ossining is granted, and the Westchester County Board of Elections is directed to remove the names of John Perillo and Michael R. Milner from the appropriate ballots; and it is further,

Ordered that the final order is affirmed insofar as cross-appealed from, without costs or disbursements.

John Perillo, Michael R. Milner, and Aaron Spring (hereinafter collectively the candidates) filed a petition designating them as candidates in the primary election to be held on September 10, 2015, for the nomination of the Republican Party as its candidates for the public offices of Supervisor, Member of the Town Council, and Member of the Town Council, respectively, of the Town of Ossining. The petition contained 343 signatures; 205 valid signatures were required. Joseph N. Sgammato filed objections to the designating petition with the Westchester County Board of Elections (hereinafter the Board). The Board reviewed the objections and struck 35 signatures, leaving 308 valid signatures, and therefore determined that the designating petition was valid.

Joseph N. Sgammato, Dana Levenberg, Karen M. D'Attore, and Elizabeth R. Feldman (hereinafter collectively the objectors) then commenced a proceeding to invalidate the designating petition. They alleged in the invalidation petition that the designating petition was "permeated with fraud, including candidate fraud," and that all signatures on nine designated sheets (hereinafter the contested sheets), representing a total of 147 signatures, were invalid since "the subscribing witness did not, in fact, witness all of the signatures on each of those sheets." The candidates commenced a related proceeding to validate the designating petition.

The Supreme Court conducted a hearing on the invalidation and validation petitions, at which the objectors noted that Spring's mother, Caren Shapiro, was the subscribing witness for each of the contested sheets. The objectors contended that, contrary to Shapiro's witness statements on the contested sheets, she was not actually present when the 147 disputed signatures were affixed to the petition and the signers identified themselves. They called six of those signers as witnesses, and each of them testified that Spring had collected their signatures, and that Shapiro was not with him when they signed the petition. The objectors noted that Spring was not qualified to be a subscribing witness because, at the time the signatures were collected, in June and July 2015, he was only 17 years old, and was not a registered voter in New York. Spring and Shapiro also testified at the hearing, and they both testified that Shapiro was with Spring when he collected all of the signatures on the contested sheets.

At the conclusion of the hearing, the Supreme Court determined that the objectors had demonstrated, by clear and convincing evidence, that the individuals whose signatures were affixed to the contested sheets did not sign those sheets,

or identify themselves, in Shapiro's presence, and that Shapiro fraudulently and knowingly signed and submitted false witness statements. In addition, the court found that Spring both participated in, and was chargeable with knowledge of, the fraud. The court rejected the testimony of Spring and Shapiro as "patently incredible" and "impossible to believe." The court therefore granted that branch of the petition which was to invalidate so much of the designating petition as designated Spring as a candidate. However, the court, noting that the objectors had not presented evidence that Perillo and Milner were involved with the fraud, denied those branches of the petition which were to invalidate so much of the designating petition as designated them as candidates. The court also denied the candidates' petition to validate the designating petition as academic, since the Board had determined that the designating petition was valid. The objectors appeal, and the candidates cross-appeal, from the final order.

Initially, the candidates contend that the petition to invalidate should have been dismissed pursuant to CPLR 3016 (b), since the allegations in the petition, made in connection with the claim of fraud, were not sufficiently specific to apprise them of the allegations of the fraud. The candidates' contention is without merit. Here, the petition to invalidate alleged, inter alia, that all 147 signatures on the contested sheets were invalid because the subscribing witness did not witness all of the signatures on each of the pages, and that the entire petition was permeated with fraud, including candidate fraud. Moreover, the petition to invalidate incorporated by reference specific objections filed by the objectors with the Board prior to the commencement of these proceedings (*see Matter of Haygood v Hardwick*, 110 AD3d 931, 932 [2013]; *LaMarca v Quirk*, 110 AD3d 808, 810 [2013]). Thus, the candidates received adequate notice of the allegations supporting the claims that the subscribing witness had falsely signed the witness statements on the contested sheets (*see* CPLR 3016 [b]; *Matter of Haygood v Hardwick*, 110 AD3d at 932; *LaMarca v Quirk*, 110 AD3d at 810; *Matter of Oberle v Caracappa*, 133 AD2d 202 [1987]; *see also Matter of Mazza v Board of Elections of County of Albany*, 196 AD2d 679 [1993]; *Matter of Cohen v Moss*, 97 AD2d 644 [1983]).

A candidate's designating petition will be invalidated on the ground of fraud where there is a showing that the entire designating petition is permeated with fraud (*see Matter of Ferraro v McNab*, 60 NY2d 601, 603 [1983]; *Matter of Proskin v May*, 40 NY2d 829, 830 [1976]; *Matter of Felder v Storobin*,

100 AD3d 11, 15 [2012]; *Matter of Volino v Calvi*, 87 AD3d 657, 658 [2011]), or where the candidate has participated in, or is chargeable with, knowledge of the fraud (*see Matter of Haygood v Hardwick*, 110 AD3d at 932; *Matter of Lavine v Imbroto*, 98 AD3d 620, 620 [2012]; *Matter of Cirillo v Gardiner*, 65 AD3d 638, 639 [2009]; *Matter of Drace v Sayegh*, 43 AD3d 481, 482 [2007]), even if there are a sufficient number of valid signatures on the remainder of the designating petition (*see Matter of Felder v Storobin*, 100 AD3d at 15-16; *Matter of Tapper v Sampel*, 54 AD3d 435 [2008]).

Here, the Supreme Court determined that Shapiro, the subscribing witness with respect to 147 signatures, had fraudulently and knowingly signed and submitted false witness statements, and that Spring was a party to the fraud. The court had the advantage of hearing the testimony of the witnesses at the hearing and observing their demeanor firsthand, and we decline to disturb the court's determination that the testimony of Spring and Shapiro was patently incredible and impossible to believe (*see Matter of Merrill v Fritz*, 120 AD3d 689, 690 [2014]; *Matter of Felder v Storobin*, 100 AD3d at 17; *Matter of Harris v Duran*, 76 AD3d 658, 659 [2010]; *Matter of Drace v Sayegh*, 43 AD3d at 482; *Matter of Kraham v Rabbitt*, 11 AD3d 808, 809 [2004]). Moreover, we agree with the court's determination that Shapiro fraudulently and knowingly signed and submitted false witness statements (*see Matter of Tapper v Sampel*, 54 AD3d 435, 436 [2008]; *Matter of Henry v Trotto*, 54 AD3d 424, 426 [2008]; *Matter of Drace v Sayegh*, 43 AD3d at 482). Six witnesses testified that Shapiro was not with Spring when they signed the petition (*see Matter of Tapper v Sampel*, 54 AD3d at 436; *Matter of Drace v Sayegh*, 43 AD3d at 482). Therefore, the court correctly determined that Spring participated in, and was chargeable with knowledge of, the fraud, and properly granted that branch of the petition which was to invalidate the designating petition as to him (*see Matter of Tapper v Sampel*, 54 AD3d at 436; *Matter of Drace v Sayegh*, 43 AD3d at 482).

However, since the Supreme Court determined that Shapiro's witness statements on the contested sheets were false, the court erred in denying those branches of the petition which were to invalidate the designating petition as to the other two candidates, Perillo and Milner (*see Matter of Proskin v May*, 40 NY2d at 830; *Matter of Flower v D'Apice*, 104 AD2d 578, 578 [1984], *affd* 63 NY2d 715 [1984]; *cf. Matter of Perez v Galarza*, 21 AD3d 508, 508-509 [2005]). Shapiro was the subscribing witness with respect to 147 of the 343 total signatures, and her

false witness statements render those signatures invalid. Although Perillo and Milner did not engage in candidate fraud, the invalidation of 147 of the 343 collected signatures leaves them with an insufficient number of valid signatures. Thus, the designating petition should have been invalidated with respect to all three candidates (*see Matter of McGuire v Gamache*, 5 NY3d 444, 448 [2005]; *Matter of Merrill v Fritz*, 120 AD3d at 690; *Matter of Tapper v Sampel*, 54 AD3d at 436; *Matter of Ryan v Suffolk County Bd. of Elections*, 286 AD2d 461, 462 [2001]).

The candidates' remaining contentions are without merit. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.