*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 20, 2015                521459
_____

In the Matter of THOMAS
    MATTICE,
                    Appellant,

    v
                                    MEMORANDUM AND ORDER
MICHAEL S. HAMMOND et al.,
                    Respondents,
                    et al.,
                    Respondents.

(And Another Related Proceeding.)
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

        James E. Long, Albany, for appellant.

        Law Offices of James E. Walsh, Ballston Spa (James E. Walsh
of counsel), for Michael S. Hammond and another, respondents.

_____

Per Curiam.

        Appeal from an order of the Supreme Court (McGill, J.),
entered August 6, 2015 in St. Lawrence County, which, among other
things, dismissed petitioner's application, in a proceeding
pursuant to Election Law § 16-102, to declare invalid the
designating petition naming respondents Michael S. Hammond and
Megan Martin as candidates for the party positions of delegate
and alternate delegate, respectively, to the Conservative Party
Judicial Nominating Convention, Fourth Judicial District, from
the 117th Assembly District in the September 10, 2015 primary
election.

Respondents Michael S. Hammond and Megan Martin (hereinafter collectively referred to as respondents) filed a designating petition with the St. Lawrence County Board of Elections seeking to be nominated as candidates for the positions of delegate and alternate delegate, respectively, to the Conservative Party Judicial Nominating Convention, Fourth Judicial District, from the 117th Assembly District. Petitioner filed written objections with the Board challenging the designating petition (see Election Law § 6-154) and, shortly thereafter, commenced the instant proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petition on the basis of fraud. Following a hearing, Supreme Court found that the designating petition was not permeated by fraud and, accordingly, dismissed petitioner's application. Petitioner now appeals.

A court will invalidate a designating petition where the challenger establishes, by clear and convincing evidence, "that the entire petition is permeated with fraud or that the candidate participated in, or can be charged with knowledge of, fraudulent activity" (Matter of VanSavage v Jones, 120 AD3d 887, 888 [2014] [internal quotation marks and citations omitted], lv dismissed 23 NY3d 1045 [2014], lv denied 24 NY3d 901 [2014]; see Matter of Haygood v Hardwick, 110 AD3d 931, 932 [2013]). Where a candidate is involved in the fraud, the challenger need not show that the fraud permeated the entire petition (see Matter of Haygood v Hardwick, 110 AD3d at 932; Matter of Valenti v Bugbee, 88 AD3d 1056, 1057 [2011]), and "the petition may be invalidated even if it contains a sufficient number of valid signatures independent of those fraudulently procured" (Matter of Valenti v Bugbee, 88 AD3d at 1057 [internal quotation marks and citation omitted]; see Matter of Cirillo v Gardiner, 65 AD3d 638, 639 [2009]).

Here, the evidence adduced at the hearing established that the designating petition consisted of four sheets and a total of 38 signatures, 30 more than the eight required to receive the party designation. On each sheet, Hammond signed the subscribing witness statement attesting that each individual who signed his or her name did so in Hammond's presence and identified himself or herself as the individual who signed. It is undisputed, however, that three of the signatures on sheet two were signed,

in Hammond's presence, by the spouse of the individual whose signature it was attributed to.  Hammond testified that he was unaware at the time that he obtained the signatures that spouses could not sign for each other.  Notwithstanding this mistaken belief, Hammond admitted that he falsely attested in the witness statement that each individual signed his or her name in his presence and that he also filed his designating petition knowing that three of the signatures were not signed by the individuals to whom they were attributed.

Based upon the foregoing, we find that petitioner established by clear and convincing evidence that Hammond signed the witness statement on sheet two despite knowing that such statement was false (see Matter of Valenti v Bugbee, 88 AD3d at 1058; Matter of Cirillo v Gardiner, 65 AD3d at 639).  In reaching the conclusion that the designating petition was not permeated by fraud, Supreme Court found that, although Hammond's signature on the witness statement on sheet two was false, Hammond lacked an intent to deceive.  Fraud, however, does not require proof of a "nefarious motive" (Matter of Valenti v Bugbee, 88 AD3d at 1058). Inasmuch as Hammond participated in the fraud, and regardless of the fact that the designating petition contained a sufficient number of signatures independent of the three signatures that were fraudulently obtained, we invalidate respondents' designating petition and strike their names from the ballot (see Matter of Haygood v Hardwick, 110 AD3d at 933; Matter of Valenti v Bugbee, 88 AD3d at 1058; Matter of Leonard v Pradhan, 286 AD2d 459, 459 [2001], lv denied 96 NY2d 718 [2001]).

Lahtinen, J.P., McCarthy, Garry and Lynch, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the application seeking to declare invalid the designating petition naming respondents Michael S. Hammond and Megan Martin as candidates for the party positions of delegate and alternate delegate, respectively, to the Conservative Party Judicial Nominating Convention, Fourth Judicial District, from the 117th Assembly District in the September 10, 2015 primary election; said application granted and said designating petition declared invalid; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court