*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 2, 2016                    522994
_____

In the Matter of LINDA FATATA
   et al.,
               Appellants,

    v                                      MEMORANDUM AND ORDER

GEORGE PHILLIPS,
               Respondent,
               et al.,
               Respondent.
_____

Calendar Date:   June 1, 2016

Before:   Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.

_____

    James E. Walsh, Ballston Spa, for appellants.

    Hinman, Howard & Kattel LLP, Binghamton (Richard C. Lewis of counsel), for George Phillips, respondent.

_____

Per Curiam.

    Appeal from an order and judgment of the Supreme Court (Platkin, J.), entered May 16, 2016 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent George Phillips as the Republican Party candidate for the public office of Member of the United States House of Representatives for the 22nd Congressional District in the June 28, 2016 primary election.

    Respondent George Phillips filed a designating petition with respondent New York State Board of Elections seeking to be nominated as the Republican Party candidate for the public office

of Member of the United States House of Representatives for the 22nd Congressional District in the June 28, 2016 primary election.  Petitioners filed written objections with the Board challenging, as is relevant here, two signatures of the designating petition on the basis of candidate fraud (see Election Law § 6-154 [2]).  Shortly thereafter, petitioners commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petition on the same basis. Phillips answered, and, in the interim, the Board determined that the designating petition retained its presumption of validity as the objections raised allegations of fraud that were beyond the Board's ministerial purview.  Supreme Court thereafter dismissed the petition, finding that petitioners failed to meet their burden of establishing that Phillips knowingly engaged in any fraudulent activity.  Petitioners now appeal.

A candidate's designating petition will be invalidated on the basis of fraud only where the challenging party establishes, by clear and convincing evidence, "that the entire petition is permeated with fraud or that the candidate participated in, or can be charged with knowledge of, fraudulent activity" (Matter of VanSavage v Jones, 120 AD3d 887, 888 [2014] [internal quotation marks and citations omitted], lv dismissed 23 NY3d 1045 [2014], lv denied 24 NY3d 901 [2014]; accord Matter of Mattice v Hammond, 131 AD3d 790, 790 [2015]; Matter of Vincent v Sira, 131 AD3d 787, 788 [2015], lv denied 25 NY3d 914 [2015]). Petitioners allege that Phillips engaged in fraud when he signed the subscribing witness statements on two pages of the petition attesting that each voter who signed his or her name did so in his presence, despite knowing that the statements were false as to two voters' signatures.  Based on these allegations, we agree with Supreme Court that the finite issue that must be decided is whether petitioners established by clear and convincing evidence that Phillips participated in or became knowledgeable of any fraud in relation to the subscribing witness statements.[1]

_____

[1]  Indeed, petitioners do not dispute that Phillips collected significantly more signatures than was required by the Election Law.  Thus, even if we were to strike the two signatures at issue, Phillips would still have a sufficient number of

The uncontroverted testimony established that Phillips collected the signatures reflected on pages 17 and 38 of the designating petition.  Regarding the signature on line 8 of page 17, Phillips testified that the daughter of that voter signed the voter's name after the voter informed him that she was physically unable to sign and that her daughter would sign as her power of attorney.  Concerning line 20 of page 38, Phillips similarly testified that the voter's wife signed her husband's name after she told Phillips that her husband was incapacitated and could not sign, but that she would sign as his power of attorney.[2] According to Phillips, he thought that "the people signing under a power of attorney had the power to act as that person" — including the power to sign the designating petition — and, in effect, stepped into the shoes of the person they signed for.  Thus, it was Phillips' understanding that a signature by a holder of a power of attorney made in his presence was the legal equivalent of the incapacitated person's "subscri[ption] to th[e] petition . . . in [his] presence."  Phillips testified that, based on this belief, he truthfully attested in the witness statements that each voter signed his or her name in his presence and identified himself or herself to be the voter who signed.

Based upon Phillips' undisputed testimony, we find no reason to disturb Supreme Court's determination.  Even assuming that the two signatures at issue are invalid, petitioners failed to establish by clear and convincing evidence that Phillips "'acted fraudulently or did anything that would warrant invalidating the entire designating petition'" (Matter of VanSavage v Jones, 120 AD3d at 888, quoting Matter of Nolin v McNally, 87 AD3d 804, 806 [2011]; see Matter of Mertz v Bradshaw,

signatures absent a finding that those two signatures were procured by fraud and that Phillips participated in the fraud (see Matter of Mertz v Bradshaw, 131 AD3d 794, 796 n 2 [2015]; Matter of Vincent v Sira, 131 AD3d at 789; Matter of Bonner v Negron, 87 AD3d 737, 739-740 [2011]).

[2]  According to Phillips, he believed that the husband was nearby because the wife "looked to [her husband], she referenced him and then signed."

131 AD3d 794, 796 n 2 [2015]; Matter of Felder v Storobin, 100 AD3d 11, 16 [2012]; Matter of Kraham v Rabbitt, 11 AD3d 808, 809-810 [2004]; Matter of McHugh v Comella, 307 AD2d 1069, 1070 [2003], lv denied 100 NY2d 509 [2003]).  We reject petitioners' contention that our decisions in Matter of Mattice v Hammond (supra) and Matter of Valenti v Bugbee (88 AD3d 1056 [2011]) support a contrary conclusion.  In both Mattice and Valenti, this Court invalidated the designating petitions at issue based upon the candidates' testimony in which they admitted to signing the witness statements despite knowing that those statements were materially false (see Matter of Mattice v Hammond, 131 AD3d at 791; Matter of Valenti v Bugbee, 88 AD3d at 1058).  In contrast, there was no similar testimony by Phillips.  Accordingly, we find that Supreme Court properly dismissed the petition.

Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ., concur.


ORDERED that the order and judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court