Matter of Burman v Subedi (2019 NY Slip Op 04315)





Matter of Burman v Subedi


2019 NY Slip Op 04315


Decided on May 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2019

529193

[*1]In the Matter of JANET BERL BURMAN et al., Respondents,
v
JAY SUBEDI, as Candidate for the Office of Syracuse City Councilor, 1st District, Appellant, et al., Respondents.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Cote & Van Dyke, LLP, Syracuse (Joseph S. Cote III of counsel), for appellant.
Cerio Law Offices, Syracuse (David Herkala of counsel), for Janet Berl Burman and another, respondents.



MEMORANDUM AND ORDER
Per Curiam.
Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (DelConte, J.), entered May 3, 2019 in Onondaga County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Jay Subedi as the Democratic Party candidate for the public office of Syracuse City Councilor, 1st District in the June 25, 2019 primary election.
Respondent Jay Subedi filed a designating petition with the Onondaga County Board of Elections seeking to be nominated as the Democratic Party candidate for the public office of Syracuse City Councilor, 1st District in the June 25, 2019 primary election. After petitioner Janet Berl Burman filed general and specific objections to the designating petition, she and petitioner Joseph G. Carni, an aggrieved candidate, commenced this proceeding pursuant to Election Law § 16-102 alleging, in relevant part, that Subedi committed fraud when he permitted individuals to sign his designating petition on behalf of other household voters, resulting in 30 fraudulent signatures for which Subedi was the subscribing witness. Subedi answered and a hearing ensued, at which petitioners and Subedi stipulated to the relevant facts and the admission of all hearing exhibits. In a May 2019 order, Supreme Court concluded that Subedi's attestations as to the 30 challenged signatures were knowingly false and invalidated the entire designating petition. Subedi appeals, and the appeal was transferred to this Court from the Appellate Division, Fourth Department. We affirm.
Where a challenging party establishes by clear and convincing evidence that a candidate participated in fraudulent activity, the entire designating petition will be invalidated (see Matter [*2]of Mattice v Hammond, 131 AD3d 790, 791 [2015]; Matter of Valenti v Bugbee, 88 AD3d 1056, 1057 [2011]; Matter of Bynoe v Board of Elections of City of N.Y., 164 AD2d 929, 929-930 [1990], lv denied 76 NY2d 705 [1990]). Regarding the challenged signatures for which Subedi was the subscribing witness, it is undisputed that the voters did not subscribe their signatures in Subedi's presence nor did they identify themselves to Subedi as the signatories. Notwithstanding the foregoing, Subedi signed the subscribing witness statement on each sheet containing the challenged signatures and attested that, "[e]ach of the individuals whose names are subscribed to this petition sheet . . ., subscribed the same in [his] presence . . . and identified himself or herself to be the individual who signed [the] sheet." Subedi then filed the designating petition and did not notify the Board of any irregularity or otherwise correct his subscribing witness statement. Under these circumstances, we conclude that Supreme Court correctly determined that there was clear and convincing evidence of fraudulent conduct on the part of Subedi (see Matter of Buttenschon v Salatino, 164 AD3d 1588, 1589 [2018]; Matter of Mattice v Hammond, 131 AD3d at 791; Matter of Valenti v Bugbee, 88 AD3d at 1058; compare Matter of Fatata v Phillips, 140 AD3d 1295, 1295 [2016]).
We note that Subedi freely admits his error and contends that he was not trying to gain any unfair advantage. Fraud, however, does not require any proof of a "'nefarious motive'" (Matter of Mattice v Hammond, 131 AD3d at 791, quoting Matter of Valenti v Bugbee, 88 AD3d at 1057). Furthermore, Subedi's argument that he believed that his attestations regarding the challenged signatures were proper at the time that he filed his designating petition is not supported by the record. Finally, to the extent that Subedi asserts that only the sheets containing the fraudulently-procured signatures should be stricken, such assertion is without merit. Given that the record discloses that Subedi participated in the fraudulent activity, and taking into account that candidates are held to a higher standard than noncandidates under the Election Law (see Matter of Felder v Storobin, 100 AD3d 11, 15 [2012]), we find that invalidation of the entire designating petition was warranted (see Matter of Buttenschon v Salatino, 164 AD3d at 1589; Matter of Mattice v Hammond, 131 AD3d at 791; Matter of Valenti v Bugbee, 88 AD3d at 1057-1058; Matter of Cirillo v Gardiner, 65 AD3d 638, 639 [2009]).
Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.