Matter of Mack v Wallace (2023 NY Slip Op 02581)

Matter of Mack v Wallace

2023 NY Slip Op 02581

Decided on May 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-04157
 (Index Nos. 59581/23, 59602/23)

[*1]In the Matter of Delores Mack, et al., appellants,
v
Andre Wallace, et al., respondents. (Proceeding No. 1)
In the Matter of Delores Mack, et al., appellants,
v
Lauren Carter, et al., respondents. (Proceeding No. 2)

DECISION & ORDER
In related proceedings pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Andre Wallace and Lauren Carter as candidates in a primary election to be held on June 27, 2023, for the nomination of the Democratic Party as its candidates for the public offices of Mayor of the City of Mount Vernon and Member of the City Council of the City of Mount Vernon, respectively, the petitioners appeal from a final order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated April 28, 2023. The final order, after a hearing, denied the petitions, inter alia, to invalidate the designating petitions and dismissed the proceedings.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioners commenced separate proceedings pursuant to Election Law § 16-102, inter alia, to invalidate, on the ground of fraud, a petition designating Andre Wallace as a candidate for the public office of Mayor of the City of Mount Vernon and a petition designating Lauren Carter as a candidate for the public office of Member of the City Council of the City of Mount Vernon, in a primary election to be held on June 27, 2023. The Supreme Court held a hearing on the two petitions, inter alia, to invalidate. By final order dated April 28, 2023, the court denied the petitions, inter alia, to invalidate and dismissed the proceedings, determining that the petitioners failed to demonstrate that the designating petitions of Wallace and Carter were permeated with fraud. The petitioners appeal.
A candidate's designating petition will be invalidated on the ground of fraud where there is a showing that the entire designating petition is permeated with fraud (see Matter of Ferraro v McNab, 60 NY2d 601, 603; Matter of Sgammato v Perillo, 131 AD3d 648, 650-651), or where the candidate has participated in, or is chargeable with, knowledge of the fraud, even if there are a sufficient number of valid signatures on the remainder of the designating petition (see Matter of Felder v Storobin, 100 AD3d 11, 15-16).
"A hearing court's assessment of the credibility of witnesses is entitled to deference, as that court had the advantage of hearing and seeing the witnesses" (id. at 17; see Matter of Finn v Sherwood, 87 AD3d 1044, 1045). Here, we decline to disturb the Supreme Court's determination that the testimony of Wallace and other subscribing witnesses was credible. Although the petitioners [*2]postulate that the subscribing witnesses could not have gathered certain signatures from the same individuals in the same order on different days, the petitioners failed to present clear and convincing evidence that those signatures were forged or that the designating petitions were otherwise permeated with fraud (see Matter of Felder v Storobin, 100 AD3d at 16-18; Matter of Kraham v Rabbitt, 11 AD3d 808, 809-810).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
IANNACCI, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court