Matter of Stora v New York City Bd. of Elections (2025 NY Slip Op 02894)

Matter of Stora v New York City Bd. of Elections

2025 NY Slip Op 02894

Decided on May 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2025-05327
 (Index No. 404/25)

[*1]In the Matter of Skiboky Stora, appellant,
v
New York City Board of Elections, et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, in effect, to validate a petition designating Skiboky Stora as a candidate in a primary election to be held on June 24, 2025, for the nomination of the Republican Party as its candidate for the public office of Mayor of the City of New York, the petitioner appeals from a final order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 5, 2025. The final order, after a hearing, denied the petition, among other things, in effect, to validate the designating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner timely filed a petition with the Board of Elections in the City of New York (hereinafter the Board) designating himself as a candidate in a primary election to be held on June 24, 2025, for the nomination of the Republican Party as its candidate for the public office of Mayor of the City of New York. Thereafter, on April 14, 2025, Jennifer Moore (hereinafter the objector) filed specifications of objections with the Board alleging that of the 5,600 signatures submitted in support of the designating petition, 3,420 signatures were invalid. In a notice dated April 28, 2025, after a hearing, the Board informed the petitioner of its determination, in effect, that the designating petition was invalid.
Subsequently, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, in effect, to validate the designating petition. The petitioner alleged, among other things, that he was served with different specifications of objections than those that were filed with the Board.
Thereafter, the Supreme Court conducted a hearing. At the hearing, the objector's process server testified that on April 14, 2025, he served a duplicate copy of the specifications of objections that were filed with the Board on the petitioner by overnight mail. In a final order dated May 5, 2025, the court denied the petition, inter alia, in effect, to validate the designating petition and dismissed the proceeding. The court, among other things, determined the process server's testimony to be credible and declined to credit the petitioner's assertions to the contrary. The petitioner appeals.
"A hearing court's assessment of the credibility of witnesses is entitled to deference, as that court had the advantage of hearing and seeing the witnesses" (Matter of Mack v Wallace, 216 AD3d 856, 857 [internal quotation marks omitted]; see Matter of Venditto v Brooks, 142 AD3d 935, 936; Matter of Harris v Duran, 76 AD3d 658, 659). Here, we decline to disturb the Supreme [*2]Court's determination that the process server's testimony was credible.
The petitioner's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court